**A. J. BAZILE, Appellant,**

v.

**Louise BAZILE, Appellee.**

**No. 15700.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 18, 1971.

Rehearing Denied April 8, 1971.

ing and the land on which it was located. The appellant had bought the store and land a few months before the marriage but in doing so had assumed the payment of two purchase money notes, and the payments on such notes from community funds amounted to more than $16,500.

When community funds are used as purchase money for real property which is separate property of one spouse, the other spouse is entitled to reimbursement for his or her share of the community funds so paid and the reimbursement is not limited to the enhancement of the property. The enhancement limitation applies to the value of improvements placed upon separate property by the community or by separate property of the other spouse. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620 (1935); Bartke, Yours, Mine and Ours—Separate Title and Community Funds, 21 Baylor Law Review, 137, 154 (1969).

The appellant testified that the groceries in the store (which grocery stock was community property) had a value of about $8,000.

Considering only these two items, the community interest in the grocery stock and in the store, the evidence supports a finding that the appellee's share was more than $12,250. There were other items of community property, so the evidence would have supported an even larger award to the appellee.

Since the enhancement limitation does not apply, it was not necessary for the appellee to either plead or prove that the value of the appellee's separate property was enhanced by contributions of the community.

There were, however, pleadings filed by each of the parties which support the trial court's division of their property.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellant.

Kucera, Lay & Lang, Houston, Donald R. Lang, Highlands, Bennett Lay, Houston, for appellee.

PEDEN, Justice.

Appeal from the part of a divorce decree that concerns the property rights of the parties.

Appellant's points of error are that the judgment of the trial court was in error as to the parties' property rights 1) because there was no evidence of any enhancement in value of the appellant's separate property and 2) the appellee did not plead enhancement, so she is not entitled to recover under that theory.

We affirm the judgment of the trial court. This cause was heard by the trial judge without a jury. The divorce decree contains numerous findings of fact concerning the separate and community property rights of the parties. The decree awards the community property of the parties to the appellant and orders him to pay the appellee $11,500 for her share of it. This ordered payment of $11,500 seems to be the subject of this appeal.

The statement of facts shows that there was competent testimony from which the trial court was entitled to conclude that more than $16,500 in community funds were paid on the purchase of a store build-