**Albert O. HAWKINS, Appellant,**

v.

**Yolanda C. HAWKINS, Appellee.**

**No. 7057.**

Court of Civil Appeals of Texas, El Paso.

Feb. 18, 1981.

Copeland & Copeland, Inc., Weldon S. Copeland, Jr., El Paso, for appellant.

Mario J. Martinez, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is a divorce case in which the Appellant's principal complaint is with regard to an award of $6,500.00 to Appellee for her part of the community estate's right to reimbursement for expenditures benefiting Appellant's separate estate. We reverse and remand.

These parties were married on September 29, 1978, and divorced on July 30, 1980. Up until their separation in February, 1980, they lived in a duplex which Appellant purchased prior to the marriage and therefore was his separate property. The Appellee's nineteen-year-old daughter also lived with them. During this period, they deposited into their one bank checking account the husband's military retirement check of about $700.00 each month plus his real estate commissions earned during the period of about $11,000.00. They also deposited in the same account the daughter's social security check of $305.00 per month, the wife's rental check from her separate property of $190.00 per month and a check for rent on the other part of the duplex for $300.00 a month. From these funds, a payment of $496.00 was made each month to the loan company for payment on the purchase money note given when the duplex was purchased.

The evidence established that the duplex had a market value of $71,000.00 when the parties married and a value of approximately $82,000.00 when they were divorced, although it was then being offered for sale at $87,950.00. The trial Court concluded the duplex actually appreciated $13,800.00 during the period of the marriage, one-half of which is $6,900.00. After a deduction of $400.00 as an allowance for expense of the teen-age daughter, the Court awarded the wife a reimbursement of $6,500.00 for community funds used to make payments on the duplex.

We conclude that the trial Court applied the wrong standard to arrive at the amount of reimbursement and this resulted in an abuse of discretion which requires that the case be reversed and remanded. In *Colden v. Alexander*, 141 Tex. 134, 171 S.W.2d 328 (1943), the Court announced the rule which controls the disposition of this case, as follows:

> Of course, where the husband purchases land on credit before marriage, and pays the purchase-money debt after marriage out of community funds, equity requires that the community estate be reimbursed. *MacRae v. MacRae*, [Tex.Civ.App., 144 S.W.2d 320] supra; *Price v. McAnelly*, [Tex.Civ.App., 287 S.W. 77] supra. Under our law, the income during marriage from the estate of either the husband or the wife is community. The rule of reimbursement, as above announced, is purely an equitable one. *Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620. Such being the case, we think it would follow that interest paid during coverture out of community funds on the prenuptial debts of either the husband or the wife on land, and taxes, would not even create an equitable claim for reimbursement, unless it is shown that the expenditures by the community are greater than the benefits received.

The basic general rule is set forth in Speer, Texas Family Law (5th ed. 1976), where the author in Section 22.38 says:

Under equitable principles, the community is entitled to reimbursement for payments on the purchase price of separately owned property, or in discharging encumbrances thereon. In these instances, the recovery is the spouse's share of the community funds spent.

\* \* \* \* \* \*

Payment out of community funds of taxes, interest, and insurance on separate property may or may not afford a basis for reimbursement, according to whether or not there was a benefit to the community.

Expenditures for interest on the prenuptial debts of either spouse, or for taxes on separate property, create no equitable claim for reimbursement, unless the expenditures by the community are greater than the benefits resulting to it. [Footnotes omitted].

These principles have been recognized and applied on numerous occasions. *Poulter v. Poulter*, 565 S.W.2d 107 (Tex.Civ.App.—Tyler 1978, no writ); *Trevino v. Trevino*, 555 S.W.2d 792 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Bazile v. Bazile*, 465 S.W.2d 181 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ dism'd); *Wilson v. Wilson*, 225 S.W.2d 236 (Tex.Civ.App.—Fort Worth 1949, no writ); Bartke, *Yours, Mine and Ours—Separate Title and Community Funds*, 21 Baylor L.Rev. 137 at 154 (1969). *Also see:* Piro, *Reimbursement Between Marital Estates in Texas*, Advanced Family Law Course (1980), and McKnight, *Reimbursement Between Marital Estates on Marriage Dissolution and Partition*, Advance Family Law Course (1979).

We must sustain the Appellant's first point of error and hold that the trial Court erred in awarding reimbursement based upon an increase in equity of Appellant's separate property. Although there is proof that the payments toward debt retirement were $46.00 per month, there has been no showing as to whether the amount paid for taxes, insurance and interest was greater than the benefit received by the community estate through the use and occupancy of the separate property duplex, and, if so, the amount of the excess for which the Appellee would be entitled to reimbursement. In the interest of justice, we remand so that these matters may be developed upon another hearing.

Point of Error One is sustained. The other two points are immaterial since the judgment must be reversed and the case remanded to the trial Court. That part of the judgment granting the divorce is affirmed and the remainder of the judgment is reversed and the case remanded to the trial Court.