Robert Lee JENSEN, Petitioner,

v.

Burlene Parks JENSEN, Respondent.

No. C–1220.

Supreme Court of Texas.

Feb. 29, 1984.

Jackson, Walker, Winstead, Cantwell & Miller, D.L. Case and Jack Pew, Jr., Dallas, for petitioner.

Albach, Gutow & Blume, James D. Blume, Dallas, for respondent.

## ON MOTION FOR REHEARING

WALLACE, Justice.

This court's opinion and judgment of November 9, 1983, are withdrawn and the following opinion is substituted therefor.

Petitioner, Robert Lee Jensen, and Respondent, Burlene Parks Jensen, were divorced on May 21, 1980. The decree of divorce provided that 48,455 shares of stock in RLJ Printing Co., Inc., acquired by Mr. Jensen four months prior to marriage, together with any increase in value in such stock which occurred during marriage, were the separate property of Mr. Jensen, and denied Mrs. Jensen any interest in the stock or its increased value. The court of appeals reversed and remanded, holding that the community should be compensated for an enhancement in value of the stock because such appreciated value had been due primarily to the time, toil and effort of Mr. Jensen. 629 S.W.2d 222. We remand to the trial court for determination of the amount, if any, of reimbursement to the community.

On March 21, 1975, Mr. Jensen formed the RLJ Printing Company, Inc. (RLJ) and for $1.56 per share acquired 48,455 of the 100,000 shares outstanding. On May 16, 1975, RLJ acquired Newspaper Enterprises, Inc., in what the trial court found to be a "unique business opportunity." The Jensens were married on July 21, 1975, separated on June 3, 1979, and divorced on May 21, 1980. At all pertinent times, Mr. Jensen was the key man in the operation of RLJ, which was a holding company whose sole assets consisted of all of the stock of Newspaper Enterprises, Inc. Mr. Jensen's compensation from RLJ, consisting of salary, bonuses and dividends, was $64,065.97 in 1976, $95,426.00 in 1977, $106,143.00 in 1978 and $115,000.00 in 1979.

The record does not reflect that any evaluation of the RLJ stock was made as of the date of the marriage. At trial, the per share value of the stock was $13.48 according to Mr. Jensen's expert and $25.77 according to Mrs. Jensen's expert.

The findings of fact and conclusions of law made by the trial court are as follows:

## FINDINGS OF FACT

1. The RLJ Printing Company, Inc. was created by Respondent before the marriage of the parties.

2. RLJ Printing Company, Inc. acquired the stock of Newspaper Enterprises, Inc., 64 days before the marriage of the parties in a unique business opportunity.

3. RLJ Printing Company, Inc. is not an alter ego of the Respondent.

4. RLJ Printing Company, Inc. was not created in fraud of the rights of the community estate.

5. The salary paid Respondent has been adequate and reasonable.

6. The dividends paid Respondent have been adequate and reasonable.

7. The bonuses paid Respondent have been adequate and reasonable.

8. Respondent was the key man in the operation of RLJ Printing Company, Inc.

9. The successful operations of RLJ Printing Company, Inc. were primarily due to the time, toil and effort of Respondent.

## CONCLUSIONS OF LAW

1. The community was not the equitable owner of any shares of RLJ Printing Company, Inc.

2. The community was not entitled to receive the value of the appreciation in shares of RLJ Printing Company, Inc. that was due to the successful operations of the company.

3. The community was not entitled to receive the value of the appreciation in shares of RLJ Printing Company, Inc.,

that was due to the time, toil and effort of Respondent.

■ The point of first impression squarely before us is how to treat, upon divorce, corporate stock owned by a spouse before marriage but which has increased in value during marriage due, at least in part, to the time and effort of either or both spouses.

The community property states have adopted variations of either "reimbursement" or "community ownership" theories. Common to both theories is the general concept that the community should receive whatever remuneration is paid to a spouse for his or her time and effort because the time and effort of each spouse belongs to the community. Though sharing a common conceptual basis, the two theories diverge when it comes to the valuation of the community's claim against separately owned stock that has appreciated by virtue of a spouse's time and effort. The "reimbursement" theory provides that the stock, as it appreciates, remains the separate property of the owner spouse. Under this theory, the community is entitled to reimbursement for the reasonable value of the time and effort of both or either of the spouses which contributed to the increase in value of the stock. The "community ownership" theory, on the other hand, holds that any increase in the value of the stock as a result of the time and effort of the owner spouse becomes community property.

A consideration of the writings of various scholars in this field, the treatment of the issue by our sister community property states, and the constitutional, statutory and case law of Texas leads to the conclusion that the reimbursement theory more nearly affords justice to both the community and separate estates. This theory requires adoption of the rule that the community will be reimbursed for the value of time and effort expended by either or both spouses to enhance the separate estate of either, other than that reasonably necessary to manage and preserve the separate estate, less the remuneration received for that time and effort in the form of salary, bonus, dividends and other fringe benefits, those items being community property when received.

■ This rule is a reasonable means of assuring that the community will be fully reimbursed for the value of community assets, i.e., time and effort expended, while at the same time providing that the property interest of the separate estate is also protected and preserved. As a practical matter, this rule will obviate the need for the trial court to undertake the onerous and quite often impossible burden that would be placed on it under the community ownership theory of attempting to determine just what factors actually contributed to the increase in value of the stock and in what proportion. The reimbursement theory of compensation is also consistent with the laws of Texas as found in the Texas Constitution, statutes and Supreme Court opinions set out below.

The Texas Constitution, Art. XVI, § 15, provides that property owned by a spouse before marriage remains the separate property of that spouse during marriage. In *Welder v. Lambert,* 91 Tex. 510, 44 S.W. 281 (1898), this Court decided that all property held by either a husband or a wife before marriage remains the separate property of such spouse and the status of the property is to be determined by the origin of the title to the property, and not by the acquisition of the final title. *Ibid.* This Court has consistently adhered to the rule expressed in *Welder. Dakan v. Dakan,* 125 Tex. 305, 83 S.W.2d 620, 624 (1935); *Creamer v. Briscoe,* 101 Tex. 490, 109 S.W. 911 (1908); *Peterson v. Peterson,* 595 S.W.2d 889 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.); *Henry v. Reinle,* 245 S.W.2d 743, 744 (Tex.Civ.App.—Waco 1952, writ ref'd n.r.e.). The shares of RLJ stock thus remain the separate property of Mr. Jensen, subject only to the right of reimbursement, if any, proven by Mrs. Jensen.

The trial court found that Mr. Jensen was adequately and reasonably compensated for his time and effort expended in enhancing the value of the RLJ shares. This finding, if sustained, precludes Mrs.

Jensen's right to reimbursement because that compensation was community property.

The only evidence offered at trial to establish the reasonableness of Mr. Jensen's compensation was the testimony of Mr. T. Wesley Hickman. Mr. Hickman was an expert in the field of corporate evaluation. It was his opinion that Mr. Jensen was reasonably compensated, but he based that opinion "primarily upon Mr. Jensen's percentage of the stock ownership." He further stated that without the stock ownership he seriously doubted that Mr. Jensen would have stayed with RLJ. His opinion as to reasonable compensation was primarily based upon Mr. Jensen's stock ownership and not upon the salary, bonuses and dividends received by the community due to the time, toil and effort of Mr. Jensen. Therefore the trial court's finding that Mr. Jensen's compensation was reasonable is without adequate support. Without that finding of fact there is no basis for the trial court's finding that "the community was not entitled to receive the value of the appreciation in shares of RLJ Printing Company, Inc. that was due to the time, toil and effort of respondent."

Upon retrial of this case the burden of proving a charge upon the shares of RLJ owned by Mr. Jensen will be upon the claimant, Mrs. Jensen. *Welder, supra; Burton v. Bell,* 380 S.W.2d 561 (Tex.1964). The right to reimbursement is only for the value of the time, toil and effort expended to enhance the separate estate other than that reasonably necessary to manage and preserve the separate estate, for which the community did not receive adequate compensation. *Vallone v. Vallone,* 644 S.W.2d 455, 459 (Tex.1982). However, if the right to reimbursement is proved, a lien shall not attach to Mr. Jensen's separate property shares. Rather, a money judgment may be awarded. *Burton v. Bell, supra.*

It has long been the rule of this court to remand to the trial court rather than to render judgment when the ends of justice will be better served thereby. Such remanding has often been ordered to supply additional testimony or to amend pleadings. *Karl & Kelly Company v. McLerran,* 646 S.W.2d 174 (Tex.1983).

Therefore, pursuant to TEX.R.CIV.P. 505, we remand this cause to the trial court for the limited purpose of determining the amount of reimbursement, if any, due to the community as a result of the time, toil and talent expended by Mr. Jensen toward enhancement of the stock of RLJ. From the value of the time, toil and talent expended is to be subtracted the compensation paid to Mr. Jensen for such time, toil and talent in the form of salary, bonuses, dividends and other fringe benefits. Any remainder is the reimbursement due the community. This reimbursement, if any, shall be distributed by the trial court in addition to the property division heretofore made to the parties.

Concurring opinion by ROBERTSON, J.

ROBERTSON, Justice, concurring.

I concur in the result reached by the majority. This Court in *Vallone v. Vallone,* 644 S.W.2d 455 (Tex.1968), did not remand that cause to the trial court on the basis of Mrs. Vallone's failure to plead the affirmative relief of reimbursement. 644 S.W.2d at 458. Although Mrs. Jensen, like Mrs. Vallone, did not plead reimbursement this Court has remanded the cause of action in the interest of justice. The majority's opinion offers no explanation for the different disposition.

Until *Vallone,* Texas courts had traditionally followed a general rule of construing divorce pleadings liberally. *Cohen v. Cohen,* 194 S.W.2d 273, 275 (Tex.Civ.App. —Austin 1946, no writ). The majority opinion in *Vallone* appeared to mark the beginning of a shift to a policy requiring specific pleadings in family law matters. 644 S.W.2d at 466. However, the rise of the requirement of specific pleadings was short lived. The majority opinion, handed down thirteen months later, announces a return to a broad construction of divorce pleadings. Although a member of the majority in *Vallone,* I am of the opinion that this

Court's return to a more liberal policy for construing divorce pleadings will provide trial judges with the freedom needed to reach just decisions in complex and sensitive family law actions.