**Ronnall Aaron NELSON, Appellant,**

v.

**Judy NELSON, Appellee.**

No. 9462.

Court of Appeals of Texas, Texarkana.

June 3, 1986.

Albert J. Levario, McKnight and Gabriel, San Antonio, for appellant.

Rogelio Munoz, Uvalde, for appellee.

PER CURIAM.

Ronnall Nelson appeals from a divorce judgment, complaining of the amount of child support awarded and the court's action in awarding his wife $4,027.00 as reimbursement for community payments on his separate real estate.

Ronnall and Judy Nelson were married on December 3, 1976. A divorce was granted the parties on February 21, 1985. Mrs. Nelson was appointed managing conservator of the parties' child, and Mr. Nelson was ordered to pay $300.00 monthly as child support. Mrs. Nelson was also awarded $4,027.00 as reimbursement to the

community for the community funds used to reduce the debt on Mr. Nelson's separate estate (the home in which the parties lived).

Mr. Nelson argues that the amount of child support is excessive because, given his financial condition and the division of the property, he is unable to pay such a sum. The trial court divided the property as follows:

*Mrs. Nelson*

1984 Honda Accord automobile

One recliner

Dishwasher

Freezer

All other furniture, appliances and personal items in her possession.

*Mr. Nelson*

Nelson's Automotive Repair Garage

One boat

1971 Chevrolet pickup

All other furniture, appliances and personal items in his possession.

Mrs. Nelson was made responsible for the debt against the Honda automobile, and Mr. Nelson was made responsible for all other debts.

Mr. Nelson testified about his financial condition as follows: he normally takes $1,200.00 monthly from his garage business, but in recent months the business was only doing well enough to justify taking $600.00 monthly; he is behind some $2,600.00 in payroll, sales and property taxes; he is behind in his payments with most of his creditors at the shop; his house payment is $175.00 a month and he pays $355.00 a month on the lease of his shop; he owes $4,000.00 in medical bills; and the community debt for which he is now responsible is approximately $6,000.00.

■ The trial court has wide discretion in determining the amount of child support, and the appellate court is not authorized to overturn that determination unless a clear abuse of discretion is shown. *Klise v. Klise,* 678 S.W.2d 545 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Ulrich v. Ulrich,* 652 S.W.2d 503 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Nixon v. Nixon,* 540 S.W.2d 740 (Tex.Civ.App.—Texarkana

1976, no writ). In this case there are no findings of fact or conclusions of law, and we presume that the trial court found all facts necessary to support his judgment, consistent with the record. There is evidence from which the trial court could have found that $300.00 per month child support was reasonable.

Mr. Nelson also asserts that the court erred in awarding Mrs. Nelson reimbursement for improvements to his separate property.

■ The right of a spouse to reimbursement for community funds expended on the separate property of the other spouse is an equitable right and is to be governed by principles of equity. *Anderson v. Gilliland,* 684 S.W.2d 673 (Tex.1985); *Dakan v. Dakan,* 125 Tex. 305, 83 S.W.2d 620 (1935).

An analysis of the cases which involve reimbursement and enhancement of the separate estate by funds belonging to the community estate reveal a dichotomy between those cases in which the community is entitled to reimbursement for paying a separate property debt and those cases in which the community is entitled to half of the enhancement value for an improvement made to the separate property of one spouse with community funds.

This dichotomy is pointed out in O. Speers & L. Simpkins, *Texas Family Law* § 22:38 (5th ed. 1981), in the following language:

Where the community funds expended are for improvements of a spouse's separate property, as distinguished from the payment of the purchase price or the discharge of encumbrances, the measure of recovery is either the amount of the enhancement of the value of the separate property by virtue of the improvements determined at the time of the partition or dissolution of the community or the amount of community funds expended for the improvements, whichever is the lesser.

The measure of recovery when community funds are used for improvements of a spouse's separate property was changed by

*Anderson v. Gilliland,* supra. The *Gilliland* case held that the measure of recovery when community funds are used for improvements of a spouse's separate property is solely the amount of enhancement of the value of the separate property by virtue of the improvements made.

 The case at bar is not an improvement case, but involves a separate property debt paid by community funds. When community funds are used as purchase money for a spouse's separate real estate, the other spouse is entitled to reimbursement for his or her share of the community funds *actually spent,* and reimbursement is not limited to the amount of enhancement of the value of the separate property by virtue of the community funds spent. *Eggemeyer v. Eggemeyer,* 623 S.W.2d 462 (Tex.App.—Waco 1981, writ dism'd); *Day v. Day,* 610 S.W.2d 195 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.); *Bazile v. Bazile,* 465 S.W.2d 181 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ dism'd).

If the case is one in which community funds were used as purchase money as opposed to one in which community funds are expended for improvements, then the cases of *Hawkins v. Hawkins,* 612 S.W.2d 683 (Tex.Civ.App.—El Paso 1981, no writ), and *Wilson v. Wilson,* 225 S.W.2d 236 (Tex.Civ.App.—Fort Worth 1949, no writ), hold that before the community can be reimbursed for payments for interest, taxes and insurance, it must be offset by the benefits to the community. However, payments on the principal are not required to have such an offset. In the case at bar, inasmuch as reduction of the principal owed on the house was all that was proved and the wife did not ask for reimbursement on interest, taxes and insurance, no offset is required to be shown.

Mr. Nelson also complains because the trial court imposed a lien on his home to secure the amounts awarded to Mrs. Nelson, contrary to the holding in *Jensen v. Jensen,* 665 S.W.2d 107 (Tex.1984). We find that, although a proposed decree contained a provision for a lien, the actual

divorce decree does not. Thus, no error is shown.

The judgment is affirmed.