Vivian L. ROGERS, Appellant,

v.

Fred Curtis ROGERS, Appellee.

No. 01–87–00070–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 17, 1988.

Vivian L. Rogers, Ledbetter, pro se. for appellant.

Michale Simmang, Giddings, for appellee.

Before WARREN, COHEN and DUNN, JJ.

OPINION

DUNN, Justice.

This is an appeal from a judgment rendered in a divorce decree. Appellant, Vivian Rogers, filed a pro se brief, primarily challenging the court's division of the community property and the awarding of a $17,500 reimbursement to appellee, Fred Curtis Rogers. We reverse and remand.

The parties were married July 5, 1984. Appellant filed for divorce April 30, 1986, and the divorce was granted December 5, 1986. There are no children involved. Prior to marriage, appellant owned a condominium in Lubbock and 10 acres in Ledbetter, on which she had started building a home. She had entered into a contract with a builder for $81,000, $31,000 of which she paid prior to marriage. After marriage, she fired the contractor before the house was completed, and after filing a lawsuit, settled with him for $5,000, wiping out the remaining balance of $45,000. The

parties moved into the incompleted house in January of 1985. The house was eventually completed, with some work contracted out and some work performed by the parties themselves and members of their families. During marriage, the parties borrowed approximately $3,800 to buy a barbecue business, which was run by appellee.

In their original pleadings, neither party pleaded a claim for reimbursement. However, after both sides had rested, the court allowed, over appellant's objection, appellee to amend his answer to include a request for reimbursement for community funds, separate funds, and the value of community time and effort expended to benefit appellant's separate estate.

At the trial before the court, there was conflicting testimony over whose money was spent for what, and what contributions, if any, appellee made to financially supporting the marriage or to benefitting appellant's separate estate, either financially or through his labor. Appellee was unemployed for approximately five months out of the two-year marriage. Appellant introduced pages of records she compiled showing all monies supposedly deposited, allegedly mostly by her, and spent during their two-year marriage. On cross-examination, the accuracy of many of appellant's alleged deposits and expenditures was successfully challenged. Most of the community funds and appellant's separate funds were deposited into a joint account. Appellee set up a money market account with $7,000 of his separate funds, much of which went into the Ledbetter house. Appellee testified only generally as to his claims for reimbursement, including the payment of the mortgage on appellant's condominium in Lubbock, and community and separate funds, as well as his labor, expended on appellant's house in Ledbetter.

In the divorce decree, the trial court awarded each party all the separate property they had claimed as such, except an oriental rug, which appellee claimed as his separate property, because allegedly it was paid primarily with his separate funds just four days after marriage. However, while the court characterized the rug as community property, it was awarded to appellee, along with the barbecue business, the only other community property of which there was evidence. The barbecue business consisted of a 10 x 12 portable building, a portable barbecue pit, and all assets of the business. The only community property awarded appellant was one-half of appliances and household items acquired after marriage. No inventory was filed with the court, nor were any values indicated in the divorce decree.

The divorce decree further awarded appellee $17,500 for "reimbursement for community efforts made to the separate estate" of appellant, to be paid within 30 days, secured by a lien on appellant's 10 acres in Ledbetter on which the house was located. No findings of fact and conclusions of law were filed, although requested by appellant in compliance with Tex.R.Civ. P. 296 and 197. However, appellant does not challenge the court's failure to file the findings of fact. While, in the absence of findings of fact, we do not know the exact basis upon which the $17,500 was awarded, the statement of facts includes a general explanation of the judgment by the trial judge that the money was awarded for work and monies expended on the house in Ledbetter, and the monies spent on the condominium in Lubbock. Therefore, it appears from the record that the court's award was based on three theories of reimbursement: (1) funds expended to discharge purchase money obligations on one spouse's separate property; (2) funds expended for improvements that enhanced the value of one spouse's separate property; and (3) the value of uncompensated community time and labor that enhanced one spouse's separate property.

Points of error three, four, and six all challenge the awarding of $17,500 for reimbursement under all three theories, on numerous grounds. Basically, appellant challenges the sufficiency of the evidence, arguing that appellee failed to meet his burden to establish his right to reimbursement. Without the court's findings of fact, we must determine whether there is any evidence to uphold the judgment on any

theory of law applicable to the case. *In the interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984) (per curiam).

■ The right to reimbursement is an equitable right and should be determined by equitable principles. *Anderson v. Gilliland*, 684 S.W.2d 673, 675 (Tex.1985). The burden under any theory of reimbursement is on the party claiming reimbursement to establish his right thereto and the elements thereof. *See, e.g., Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex.1982). We will address appellant's challenges separately under each of the three theories, each of which requires different elements to be proven.

In regards to any reimbursement for labor done by appellee on the house, appellant argues that appellee failed to prove (1) the amount and value of his labor, and (2) that any reimbursement that might be owing was greater than the benefits received by the community from living there rent free.

■ A right to reimbursement arises when community time, toil, and labor are utilized to benefit and enhance a spouse's separate estate, beyond that reasonably necessary for management and preservation, and for which the community did not receive adequate compensation. *Jensen v. Jensen*, 665 S.W.2d 107, 110 (Tex.1984); *Vallone*, 644 S.W.2d at 459 (Tex.1983). The contributing spouse is not entitled to the enhanced value of the separate property, but only to the value of the uncompensated time and labor. *Jensen*, 665 S.W.2d at 109. *Jensen* and *Vallone* both dealt with the enhancement by one spouse of his own separate property stock.

■ We need not decide whether the *Vallone* and *Jensen* reimbursement of time, toil, and labor would apply to the fact situation in this case. The burden would still be on the claimant to establish the value of community time and labor expended on the spouse's separate property, over that which was reasonably necessary for management and preservation, and over the value of any compensation or benefit received by the community. *See Jensen*,

665 S.W.2d at 110. Appellee fails to point to, nor do we find, any evidence establishing the value of appellee's alleged uncompensated labor, nor that any such labor was greater than any benefits received.

We therefore find that appellee failed to meet his burden to establish the elements necessary for reimbursement of his time and labor expended on appellant's separate property, and any reimbursement on this basis was in error.

In regards to reimbursement for any community or separate funds used to complete the house in Ledbetter, appellant argues that appellee failed to establish (1) the enhanced value of the property, and (2) that any reimbursement due was greater than the benefits received from living in the house rent free.

■ Any claim for reimbursement for funds expended by one estate for improvement to another estate is to be measured by the enhanced value to the benefitted estate. *Anderson v. Gilliland*, 684 S.W.2d 673, 675 (Tex.1985); *Cook v. Cook*, 693 S.W.2d 785 (Tex.App.—Fort Worth 1985, no writ) (applying *Anderson*, which dealt with probate, to divorce). The enhanced value is determined by the difference between the fair market value before and after improvements made during marriage.

■ While there is some evidence to establish the current market value, there is no evidence to establish the value of the property at the time of marriage, so as to determine the enhanced value. The fact that prior to marriage appellant had paid $31,000 on the subsequently cancelled $81,000 contract does not establish the market value of the house prior to any improvements that may have been paid for by community funds on separate funds of appellee. *See Snider v. Snider*, 613 S.W.2d 8, 9 (Tex.App.—Dallas 1981, no writ).

Furthermore, even if the enhanced value had been shown, this amount would have been contributed to by improvements resulting from several sources, including separate funds of both appellant and appellee, community funds, and uncompensated labor on the part of both parties. (We have

already found that there was no right to reimbursement for appellee's labor, for which enhanced value is not even the proper measure of reimbursement.) Appellant, therefore, would have had the burden not only to show what improvements were paid for with his separate funds and any community funds, but also what portion of the enhanced value was attributable to these expenditures. *See Jensen*, 665 S.W.2d at 109 (explaining why cost rather than enhanced value was a better measure of reimbursement for community time and labor). This burden appellee has failed to meet. The fact that appellee brought $7,000 of his separate funds into the marriage, most of which went into the house, does not in and of itself entitle him to reimbursement for that amount. The proper measure of reimbursement for improvements is enhanced value, not cost.

We therefore find that appellee failed to establish the elements necessary for reimbursement for improvements to appellant's separate property, and any reimbursement awarded on this basis was in error.

In regards to any reimbursement awarded for funds expended to pay the mortgage payments on appellant's condominium in Lubbock, appellant argues that appellee failed to establish that the amount of money expended was greater than the benefits received by the community (i.e., appellee's alleged use of the condo whenever he was in Lubbock and income tax deductions for interest paid).

■ The community would be entitled to reimbursement for any community funds shown to have been used to discharge the purchase money obligation on appellant's separate property. *Colden v. Alexander*, 141 Tex. 134, 147, 171 S.W.2d 328, 334 (1943); *Nelson v. Nelson*, 713 S.W.2d 146, 148 (Tex.App.—Texarkana 1986, no writ). However, the amount of reimbursement for interest, taxes, and insurance, *but not for principal*, would be offset by any benefit received by the community. *Colden*, 171 S.W.2d at 334; *Nelson*, 713 S.W.2d at 148; *Cook v. Cook*, 665 S.W.2d 161, 164 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.). We disagree with the deci-

sions that do not follow, or have been interpreted as not following, the equitable principles set out by the supreme court in *Colden* requiring such an offset of benefits, 171 S.W.2d at 334. *See, e.g., Brooks v. Brooks*, 612 S.W.2d 233, 238 (Tex.Civ.App.—Waco 1981, no writ); *Pruske v. Pruske*, 601 S.W.2d 746, 748 (Tex.Civ.App.—Austin 1980, writ dism'd w.o.j.). The burden is on the party claiming the reimbursement to prove the amount expended to discharge the obligation, and that the amount due for interest, taxes, and insurance is greater than any benefits received. *See Cook*, 665 S.W.2d at 164; *Hawkins v. Hawkins*, 612 S.W.2d 683, 685 (Tex.App.—El Paso 1981, no writ).

■ Upon cross-examination, appellant agreed that 16 monthly mortgage payments of $350 each were paid on the Lubbock condo from joint funds. For some months the condo was rented, and the income went directly to pay the mortgage. In the absence of any claim or proof that appellee's separate funds were used for this discharge, the entire $5600 would be community funds. However, appellee failed to show that the amount paid for interest, taxes, and insurance, was greater than any benefits that may have been received by the community. In the absence of proof that the amount expended for interest, taxes, and insurance was greater than any benefit received by the community, and proof of the amount of excess, the community is not entitled to reimbursement thereof. *Cook*, 665 S.W.2d at 164.

■ Because the record shows only the total amount of the mortgage payment, without a breakdown of the amount paid for principal alone, we find that any award for reimbursement based on the total mortgage payment on the Lubbock property was in error.

Having found reimbursement under all three theories to be error, appellant's points of error three, four, and six, challenging the award of $17,500, are sustained.

■ In point of error two, appellant argues that the trial court erred in placing

a lien on her separate property, which was also her homestead, for the $17,500 awarded for reimbursement. Appellee argues that appellant did not prove the existence of her homestead, and that, in the absence of such proof, a lien is allowed to secure reimbursement for improvements on the real separate property enhanced, citing *Smith v. Smith*, 715 S.W.2d 154, 159–60 (Tex.App.—Texarkana 1986, no writ) (distinguishing *Jensen*, 665 S.W.2d at 110, which disallowed a lien for reimbursement on separate property shares of stock of a closely held corporation). We need not address whether appellant proved the existence of her homestead, or whether a lien for reimbursement on real separate property is still allowed since the supreme court holding in *Jensen* that "a lien for reimbursement shall not attach to separate property shares," 665 S.W.2d at 110. Having found that any reimbursement for improvements or labor on the Ledbetter house to be error, any lien securing such amount would be error. Furthermore, any lien on the Ledbetter property to secure the reimbursement for payment of principal on the Lubbock condo would not be allowed. *Smith*, 715 S.W.2d at 161.

Point of error two is sustained.

██ In point of error nine, appellant argues that the trial court erred in not reimbursing her for community funds used to retire the debt on appellee's car. In her testimony regarding any property that might be imposed with community character, appellant testified that monthly payments (no specified number) of $213.17 were made on appellee's car. However, appellant neither pleaded reimbursement, nor made any clear request for it. Furthermore, because there also was evidence of some payment to retire the debt on appellant's separate property truck, the court may have found that any rights to reimbursement were offset. *See Beavers v. Beavers*, 675 S.W.2d 296, 298 (Tex.App.—Dallas 1984, no writ). Point of error nine is overruled.

██ In point of error 10, appellant argues that the trial court erred in denying her motion for new trial. She contends that the trial court did not have jurisdiction because it did not make its ruling until after her appeal was perfected. Appellant's objection is without merit. First, the record reflects that appellant did not file her motion until after she perfected her appeal. Furthermore, if the motion was timely filed, the perfection of appeal does not affect the trial court's jurisdiction. *See* Tex.Rules Civ.P. 329(b). Point of error 10 is overruled.

In points of error one and seven, appellant challenges the division of property, alleging that the awarding to appellee of the barbecue business and the oriental rug was an abuse of the trial court's discretion. The only community property awarded appellant was "one-half of appliances and household items acquired during marriage," which appellant contends amounted to nothing more than pots and pans. However, because of our finding that the award for reimbursement is reversible error, which effects the court's division of property, we must remand the entire community estate for recalculation and a new division of property, should the trial court find it necessary. *See Jacobs v. Jacobs*, 687 S.W. 2d 731, 733 (Tex.1985) (finding that the appellate court could not simply strike an award for reimbursement, because to do so would be to make a new division of property, a matter given solely to the trial court by Tex.Fam.Code Ann. sec. 3.63 (Vernon 1986)). It is therefore unnecessary for us to address points of error one and seven, challenging the division of property. *Cook*, 665 S.W.2d at 166.

██ In point of error eight, appellant argues that the trial court erred in assigning appellee a $3,500 debt on the barbecue business, which she alleges was paid, and that this alleged debt may have affected the trial court's division of property. Appellee testified, without objection, that $3,500 was still owed on this debt. However, appellant points to appellee's financial information statement filed on August 22, 1986, that shows "none" under the heading "Debts (other than house and car)," and alleges that after the initial loan was paid off, appellee borrowed more mon-

ey for his personal use. Even if appellant's allegation was true, the new debt, incurred during the marriage, would be presumed a community debt, *Cockerham v. Cockerham*, 527 S.W.2d 162, 171 (Tex.1975), and should be considered and disposed of in the division of community property. However, while the statement of facts shows that the court, in its explanation of the judgment, proposed awarding this debt to appellee, the signed divorce decree makes no mention of it. In the absence of a disposition of this community debt, each party would remain equally liable for payment. Therefore, we overrule point of error eight challenging the award of this debt to appellee. However, the effect of the court's failure to dispose of this debt must be taken into consideration by the trial court upon remand, unless the failure was an inadvertent one that the court choses to rectify.

Appellant requests that we not remand for a redivision of property, but instead that we let the property division stand, and that any amount of reimbursement that may be found due appellee be satisfied from the unequal division of property and other benefits received by appellee. As previously explained, this we cannot do. Tex.Fam.Code Ann. sec. 3.63 (Vernon 1986). Furthermore, while we have found insufficient evidence to support reimbursement for improvements or labor on the Ledbetter property, or for interest, taxes, and insurance on the Lubbock property, we remand also for a determination of the amount of reimbursement due the community estate for principal paid on the Lubbock property. *See Cook*, 665 S.W.2d at 167.

The judgment of the trial court is reversed and remanded for disposition consistent with this opinion.