

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-16-00014-CV**

**IN THE MATTER OF THE MARRIAGE OF RANDY GENE
DONATHAN AND MARGARET MARY DONATHAN**

**From the 378th District Court
Ellis County, Texas
Trial Court No. 89670D**

## MEMORANDUM OPINION

This appeal is about one facet of the trial court's division of property upon the dissolution of the marriage of Randy and Margaret. Specifically, the trial court had to determine three potential reimbursement claims regarding real estate which was owned by Randy prior to their marriage. Under the inception of title doctrine it was Randy's separate property. During the marriage both Randy and Margaret had separate property funds that were either brought into the marriage or obtained during the marriage from the estates of deceased parents. Community property funds and some of the separate funds of both Randy and Margaret were spent on the subject property.

The trial court computed the increase in value of the property based on the

improvements which were made to the property, including the construction of a house, several barns, and other improvements. The trial court determined that the value of the enhancement to the property and the community expenditures for the mortgage payments was reimbursable to the community estate from Randy's separate estate and that amount was divided equally between Randy and Margaret. The trial court also awarded Margaret reimbursement for the amount the trial court determined had resulted from the expenditure of separate property monies by Margaret. The trial court determined Randy was not entitled to reimbursement from the community estate for his separate property funds spent on the property in constructing the house.

Randy does not challenge the trial court's methodology in calculating the amounts awarded. In his first issue, Randy asserts only that the trial court erred in awarding the reimbursement claim to Margaret's separate estate in its entirety. In his second issue, Randy complains that the trial court erred by not awarding his separate property estate any reimbursement from the community estate before the balance of that amount was divided between them. We find that the judgment should be modified regarding the award to Margaret, but should be otherwise affirmed.

### RELEVANT FACTS

The parties were married in June of 2001. Margaret moved to Texas from California to reside with Randy. It is undisputed that Randy owned 105 acres of land at the time of the marriage, hereinafter referred to as "the property." When Margaret moved

to Texas, a dilapidated mobile home was on the property. Margaret cashed in her retirement from her previous employment and received $7,218 which she gave to Randy to be used for the property. Randy sold her separate property truck shortly thereafter to his father and kept the proceeds, which the trial court found to be $9,000. Randy testified that the proceeds of the truck were used to pay off his debt on the mobile home. At all times during the marriage, Randy and Margaret each maintained bank accounts to which the other did not have access.

Over the course of the next few years, the parties spent substantial sums and effort to improve the mobile home, including adding rooms and remodeling the inside and outside extensively. Additionally, the parties built several storage barns, a chicken coop, and an aviary on the property. The parties did a lot of the work themselves but hired contractors for the jobs they were unable to complete themselves. The property was refinanced in 2004 and both parties signed as debtors on the mortgage. The payments on the property were made with community property funds both before and after the refinancing.

In 2010, Randy's father passed away and Randy received an inheritance from his father's estate. Shortly thereafter, a house was constructed on the property. Randy introduced copies of cancelled checks from his bank account showing that he had paid $52,482.30 towards the construction of the house. At some point after the completion of the house, the mobile home was demolished entirely and the remains were burned.

In 2013 and 2014, Margaret received an inheritance from her mother's estate of approximately $52,000. Margaret testified that she spent all but approximately $4,000 of the inheritance on improvements to the property, which included planting many trees, the purchase of a rainwater collection system, gutters, a trailer, and vegetable gardens. Margaret also testified that she had also reimbursed Randy for $3,000 he had given her from his father's estate. Margaret further testified that she had purchased groceries and other things for the house with her inheritance money. Randy agreed that Margaret had spent funds on the trees and gardens but claimed that they were all dead when the property was sold.[1]

The amount of the trial court's reimbursement award to the community estate was based on the increase in value of the property due to the improvements to the property, closing costs paid by the community for the 2004 mortgage refinance, and payments made on the property from the community estate which totaled the amount of $157,847.80. This is the amount that was then divided equally between Randy and Margaret. Randy does not dispute the calculation of the total amount of the reimbursement to the community awarded by the trial court or the equal division of the reimbursement award in this appeal. Randy's only complaint regarding the reimbursement claim to the community estate is that his separate property

---

[1] The property had been sold prior to the final hearing in this proceeding and the balance of the proceeds in the amount of $364,000 were held in escrow pending the trial court's resolution of the property division.

reimbursement claim of $52,482.30 should have been offset from the total amount awarded to the community prior to the balance being divided equally between them.

The trial court also awarded reimbursement to Margaret's separate estate for the retirement proceeds, the proceeds from the sale of the truck, and the full $52,000 Margaret received from her mother's inheritance. The trial court did not specifically reference Randy's reimbursement claim against the community for the $52,482.30 of his separate property funds he expended for the construction of the house.

In his first issue, Randy complains that the trial court abused its discretion by awarding Margaret's separate estate reimbursement claim in its entirety. In his second issue, Randy complains that the trial court abused its discretion by denying his offset reimbursement claim against the community estate for the funds he expended for the construction of the residence on his separate property.

## STANDARD OF REVIEW

We review the trial court's evaluation of a claim for reimbursement for an abuse of discretion. *Barras v. Barras*, 396 S.W.3d 154, 174 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). An abuse of discretion occurs when the trial court rules (1) arbitrarily, unreasonably, or without regard to guiding legal principles, or (2) without supporting evidence. *Ford Motor Co. v. Chacon*, 370 S.W.3d 359, 362 (Tex. 2012) (per curiam). With regard to ruling without supporting evidence, there is no abuse of discretion if some probative evidence in the record supports the trial court's findings. *In re Barber*, 982

S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). As the finder of fact for the proceeding, the trial court is the exclusive judge of the credibility of the witnesses, the weight to be given their testimony, and the best means to resolve inconsistencies in the evidence. *Handley v. Handley*, 122 S.W.3d 904, 911 (Tex. App.—Corpus Christi 2003, no pet.).

## REIMBURSEMENT

When one marital estate improves another without receiving a benefit, a claim for reimbursement may arise. *See* TEX. FAM. CODE ANN. § 3.402 (West 2014). A trial court applies equitable principles in deciding whether to recognize a claim for reimbursement. *Vallone v. Vallone*, 644 S.W.2d 455, 458 (Tex. 1982); TEX. FAM. CODE ANN. § 3.402(d). A trial court's discretion in evaluating a claim for reimbursement is equally as broad as that discretion exercised by a trial court in making a just and right division of the community estate. *Penick v. Penick*, 783 S.W.2d 194, 198 (Tex. 1988) ("In the final analysis, great latitude must be given to the trial court in applying equitable principles to value a claim for reimbursement.").

### MARGARET'S SEPARATE PROPERTY REIMBURSEMENT

In his first issue, Randy complains that the trial court abused its discretion by awarding Margaret a judgment on her claim for reimbursement to her separate estate for monies that were spent to improve Randy's separate real property. Part of Randy's issue complains that Margaret's reimbursement claims should fail because she did not meet the requirements of Texas Family Code Section 3.402(d) which provides:

"Reimbursement for funds expended by a marital estate for improvements to another marital estate shall be measured by the enhancement in value to the benefitted marital estate." TEX. FAM. CODE ANN. § 3.402(d) (emphasis added). Randy argues that the trial court abused its discretion in ordering reimbursement to Margaret's separate estate because there was insufficient evidence that the value of the property was enhanced by the amount of the award.

Although Section 3.402(a) includes nine categories of reimbursement, Section 3.402(d) does not establish that all claims for reimbursement must be measured by the enhancement in value to the benefited estate. Rather, Section 3.402(d) provides that "[r]eimbursement for funds expended by a marital estate *for improvements to another marital estate* shall be measured by the enhancement in value to the benefited marital estate." TEX. FAM. CODE ANN. § 3.402(d) (emphasis added).

Randy testified that the $9,000 which constituted the proceeds from the sale of Margaret's separate property vehicle was used to pay on the debt owed on the original mobile home on the property. This would support a proper claim for reimbursement pursuant to Section 3.402(a)(3), applicable to "the reduction of the principal amount of a debt secured by a lien on property owned before marriage, to the extent the debt existed at the time of marriage." *See* TEX. FAM. CODE ANN. § 3.402(a)(3). Section 3.402(d) does not apply to this type of claim. *See Barras v. Barras*, 396 S.W.3d 154, 176-77 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). The trial court did not abuse its discretion in

granting Margaret's reimbursement claim regarding the separate property proceeds resulting from the sale of her vehicle.

The other amounts awarded to Margaret are not so clear, however. Margaret testified generally that she gave the money from her retirement to Randy to use on the mobile home. The funds she spent from her mother's inheritance were spent on improvements to the property, which included trees, a rainwater catch system, gutters, and a trailer as well as groceries and things for the house. It is clear that not all of these expenditures would have been improvements to the property.

However, even if we assume that Margaret spent her separate property funds on improvements, the right to reimbursement is not automatic. It was Margaret's burden to prove that the renovations or other improvements paid for with her separate funds enhanced the value of the property in order to establish the proper amount of a reimbursement claim. Evidence of the cost of improvements alone is not sufficient to prove enhanced value. *See Rogers v. Rogers*, 754 S.W.2d 236, 240 (Tex. App.—Houston [1st Dist.] 1988, no writ). Margaret did not present any evidence of an amount that the expenditures for the improvements enhanced Randy's property, either as it related to disbursements of her retirement funds or her inheritance. No expert testimony was presented. The only evidence as to value of the improvements on the property was a tax appraisal offered by Randy which showed that a substantial increase in the value of the improvements took place when the house was built. Further, any enhancement in value

regarding improvements to the property was awarded in full to the community estate, and that valuation is not at issue in this proceeding.

We find that there was no probative evidence in the record regarding the enhancement in value to the property stemming from Margaret's expenditure of her separate property funds of $7,218 and $52,000. Therefore, there was insufficient evidence to support her reimbursement claim, and the trial court abused its discretion in awarding her the full reimbursement claim to her separate estate. We sustain issue one in part, and modify the trial court's award to $87,923.90, which includes only $9,000 of Margaret's reimbursement claim.[2]

## RANDY'S SEPARATE PROPERTY REIMBURSEMENT

In his second issue, Randy complains that the trial court abused its discretion by not offsetting the separate property funds of $52,482.30 that he expended in the construction of the house against the community's reimbursement claim. Because a trial court resolves claims for reimbursement under equitable principles, claims for reimbursement may be offset against each other where appropriate. *Id*. § 3.402(b). The party claiming the right of reimbursement has the burden of pleading and proving that the expenditures were made and that they are reimbursable. *Vallone*, 644 S.W.2d at 458-59. Randy did not plead for the right of reimbursement, nor did he seek it in his written

---

[2] The Final Decree of Divorce does not reference the reimbursement claim but awards Margaret an amount from the proceeds of the sale of the real estate that includes her separate property reimbursement claim and her half of the community's reimbursement claim.

argument to the trial court submitted after the final hearing; however, in this appeal he complains that the trial court abused its discretion by failing to acknowledge his claim in the division of property.

Randy did not request findings of fact and conclusions of law from the trial court, nor did he complain to the trial court for failing to address his reimbursement claim. When, as here, the trial court does not sign findings of fact, we presume the trial court made all necessary findings to support its judgment if those findings are supported by the evidence. *See Garcia v. Garcia*, 170 S.W.3d 644, 652 (Tex. App.—El Paso 2005, no pet.). Additionally, the decree contains a Mother Hubbard clause, which further demonstrates that the trial court denied his requested relief to the degree that it may have been properly requested.

When a reimbursement award does not appear to be unjust, there is no abuse of discretion. *Bigelow v. Stephens*, 286 S.W.3d 619, 623 (Tex. App.—Beaumont 2009, no pet.). This would include the determination of whether an offset is appropriate. Margaret had claimed that Randy had committed fraud against her by misleading her as to the ownership of the property during the course of their marriage, and Randy admitted at a minimum to "skirting the issue" with her regarding having put or then putting the property in both their names. There was evidence that Randy had led Margaret to believe that they were equal owners in the property and she had expended substantial time and toil to improve the property as well as using her separate property funds on

improvements to the property. Further, Randy testified that he believed that an appropriate amount of reimbursement to the community estate was $120,000 to $130,000, and that amount took his expenditures into account. We do not find that the trial court's implied finding that Randy's reimbursement claim should not be offset against the community's reimbursement claim was outside of the trial court's broad discretion. We overrule issue two.

## CONCLUSION

Having found that the trial court abused its discretion in part of the reimbursement claim of Margaret's separate estate, we modify the portion of the judgment that awarded Margaret the sum of $147,141.90 for both reimbursement claims to reflect an award of the sum of $87,923.90 for both reimbursement claims from the sale of the proceeds of the property. Except as modified, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Modified, and Affirmed as Modified
Opinion delivered and filed August 2, 2017
[CV06]

