

IN THE
TENTH COURT OF APPEALS

No. 10-18-00215-CV

IN THE MATTER OF
THE ESTATE OF VERNON O. BAKER, DECEASED

From the 12th District Court
Madison County, Texas
Trial Court No. 15-14212-012-10

**O P I N I O N**

Vernon O. Baker (Mr. Baker) died survived by his wife, Ernella Regene Baker (Mrs. Baker) and two daughters, Cheryl White (White) and Anita Metcalf (Metcalf), from a prior marriage. His last will and testament disposed of his one-half of the community property and all of his separate property. The will directed that his wife receive a life estate in one-third of the minerals and the entire surface of the 32.8-acre separate property tract of land Mr. Baker had inherited. The remainder interest in the oil and gas interest and the 32.8-acre tract, in which Mrs. Baker received a life estate, passed to both of Mr. Baker's daughters. A residence was constructed during the marriage on the separate property land. The will also directed that White and Metcalf each receive an outright

one-third interest in the minerals of the separate property acreage. After a bench trial on Mrs. Baker's Petition for Reimbursement to the Community Estate, the trial court granted Mrs. Baker's reimbursement claim for community funds utilized to enhance the value of Mr. Baker's separate property. The trial court further ordered that Mrs. Baker's reimbursement claim be satisfied by an equitable lien on the separate property land and that the remaining assets of the estate not be used to satisfy the reimbursement claim. We will affirm in part and reverse in part.

Appellants White and Metcalf complain in three issues that the trial court erred (1) by not enforcing the clear intent of the testator to give the remainder interest in the land, free and clear, to White and Metcalf, (2) by awarding Mrs. Baker a reimbursement claim, and (3) by ordering the reimbursement claim be satisfied by an equitable lien on the separate property land and prohibiting other assets of the estate from being used to satisfy the claim.

An appeal from an order of a probate proceeding is subject to the same standard of review as an appeal in other civil actions. *Martin v. Martin*, 759 S.W.2d 463, 465 (Tex. App.—Houston [1st Dist.] 1988, no writ). Construction of an unambiguous will is a matter of law. *Thornhill v. Elskes*, 381 S.W.2d 99, 104 (Tex. App.—Waco 1964, writ ref'd n.r.e.). Accordingly, we review de novo the question of the construction of an unambiguous will. *Estate of Rhoades*, 502 S.W.3d 406, 418–19 (Tex. App.—Fort Worth 2016, pet. denied). Matters of statutory construction are reviewed de novo. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

In their first issue, White and Metcalf argue the trial court erred by not following the clear intent of Mr. Baker to leave his separate property land to his daughters free and clear upon Mrs. Baker's death because there is no provision in the will requiring or allowing a reimbursement claim for community property expenditures in favor of Mr. Baker's separate property.

Section 3.402 of the Family Code authorizes reimbursement claims between marital estates for capital improvements to property and directs courts to resolve a claim for reimbursement by using equitable principles. *See* TEX. FAM. CODE ANN. § 3.402(a)(8), (b). Reimbursement claims may be waived by premarital or marital property agreements that satisfy the requirements of Chapter 4 of the Family Code. *See id.* § 3.410. There is no reference in the record that a premarital or marital property agreement existed between Mr. Baker and Mrs. Baker. As such Mrs. Baker was entitled to assert her claim for reimbursement, and the trial court had statutory authority to grant a claim for reimbursement. We overrule White and Metcalf's first issue.

In White and Metcalf's second issue, they argue that Mrs. Baker failed to prove her reimbursement claim and that the trial court erred in not applying equitable principles, primarily not granting an offset, to Mrs. Baker's reimbursement claim.

We find no guiding authority for which standard of review to apply in a reimbursement claim in a probate matter. We will therefore apply the standard of review for reimbursement claims used in family law cases. Abuse of discretion is when a trial court's decision is arbitrary, unreasonable, and without reference to guiding principles. *In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019). If there is some evidence of substantive

and probative character to support the trial court's decision, there is no abuse of discretion. *Ayala v. Ayala*, 387 S.W.3d 721, 726 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Great latitude must be given to the trial court in applying equitable principles to value a claim for reimbursement. *Penick v. Penick*, 783 S.W.2d 194, 198 (Tex. 1988). An equitable claim for reimbursement is not merely a balancing of the ledgers between the marital estates. *Id.* The discretion to be exercised in evaluating a claim for reimbursement is equally as broad as that discretion subsequently exercised by the trial court in making a "just and right" division of the community property. *Id.*

Claims for reimbursement are governed by section 3.402 of the Family Code. *See* TEX. FAM. CODE ANN. § 3.402. Such claims include capital improvements made to property other than by incurring debt. *Id.* § 3.402(a)(8). "The rule of reimbursement is purely an equitable one." *Vallone v. Vallone*, 644 S.W.2d 455, 458 (Tex. 1982) (citing *Colden v. Alexander*, 141 Tex. 134, 171 S.W.2d 328 (1943)); *see also* TEX. FAM. CODE ANN. § 3.402(b) (court shall resolve claims for reimbursement by using equitable principles). A right of reimbursement arises when funds of one estate are used to benefit another estate without itself receiving some benefit. *Vallone,* 644 S.W.2d at 459. "The right of reimbursement is not an interest in property or an enforceable debt, per se, but an equitable right which arises upon dissolution of the marriage through death, divorce or annulment." *Id.* at 458-59. The party claiming the right of reimbursement has the burden of pleading and proving that the expenditures and improvements were made and that they are reimbursable. *Id.* at 459. A claim for reimbursement for funds expended by an estate for improvements to another estate is to be measured by the enhancement in value to the

benefited estate by reason of the improvements. *See Anderson v. Gilliland*, 684 S.W.2d 673, 675 (Tex. 1985). The enhancement value is not determined by the actual costs expended by the community estate. *Id.* To be reimbursable, a property's enhanced value must be "attributable to the community expenditures." *In re Marriage of McCoy*, 488 S.W.3d 430, 435 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Zagorski v. Zagorski*, 116 S.W.3d 309, 321 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)). "The enhanced value is determined by the difference between the fair market value before and after improvements made during the marriage." *Id.* (citing *Rogers v. Rogers*, 754 S.W.2d 236, 239 (Tex. App.—Houston [1st Dist.] 1988, no writ)). Evidence of the property value without improvements and the value with improvements is sufficient to sustain a finding as to the amount of the enhancement value. *Id.* (citing *Kimsey v. Kimsey*, 965 S.W.2d 690, 703 (Tex. App.—El Paso 1998, pet. denied)).

White and Metcalf's first argument under issue two is that Mrs. Baker failed to prove her reimbursement claim.

The trial court found that the community contributions enhanced the value of Mr. Baker's separate property in the amount of $203,200 and granted a reimbursement claim of $101,600 in favor of Mrs. Baker for her one-half community interest.

At trial Mrs. Baker testified that she and Mr. Baker constructed their house during the marriage on land Mr. Baker inherited from his father. She confirmed that both contributed to building the residence and that Mr. Baker did not have any large sums of money to pay for construction of their residence. The total cost to build the residence was $106,000, and they paid for the construction without taking out a mortgage. Mrs. Baker

testified that they built and paid for two outbuildings, a barn and a shop, during the marriage and that both structures were built on Mr. Baker's land. Real estate agent, David Markham, testified during the trial and offered his opinion based on market evaluation that the total value of the land and improvements was $363,600. His opinion of the value of the land alone was $160,400.

We find Mrs. Baker's testimony that the improvements to Mr. Baker's property were made during their marriage and the evidence reflecting the total value of the land and improvements along with the value of the land without improvements is sufficient to support the trial court's award of a reimbursement claim in favor of Mrs. Baker from the separate estate of Mr. Baker.

White and Metcalf's second argument under issue two, that the trial court erred in failing to apply equitable principles, is centered on the trial court not allowing an offset for Mrs. Baker's use and enjoyment of the house against the awarded reimbursement claim.

The trial court denied a requested offset against the reimbursement claim citing section 3.402 of the Family Code and its prohibition of such for use and enjoyment of a primary or secondary residence. *See* TEX. FAM. CODE ANN. § 3.402(c). Section 3.402(c) provides:

> Benefits for the use and enjoyment of property may be offset against a claim for reimbursement for expenditures to benefit a marital estate, except that the separate estate of a spouse may not claim an offset for use and enjoyment of a primary or secondary residence owned wholly or partly by the separate estate against contributions made by the community estate to the separate estate.

*Id.*

The evidence at trial revealed that the Bakers had occupied the home constructed on Mr. Baker's separate property land as their residence during their marriage and that Mrs. Baker had use and enjoyment of the residence during the marriage. However, pursuant to section 3.402(c), Mr. Baker's separate property estate is prohibited from claiming an offset against community estate contributions for Mrs. Baker's use and enjoyment of the residence because it was owned by Mr. Baker's separate property estate. We overrule White and Metcalf's second issue.

In White and Metcalf's third issue, they complain that the trial court erred in imposing an equitable lien on Mr. Baker's separate property real estate and prohibiting satisfaction of Mrs. Baker's reimbursement claim from assets of Mr. Baker's estate other than the separate property land.

The trial court's order encumbered Mr. Baker's separate property land with an equitable lien for the $101,600 in favor of Mrs. Baker until paid in full. In compliance with the statute, Mrs. Baker filed a Petition for Reimbursement to the Community Estate for contributions to Mr. Baker's separate estate in the probate cause. The trial court's imposition of an equitable lien to secure the reimbursement claim was against the benefited separate property land of Mr. Baker in favor of the contributing community estate.

White and Metcalf challenge the trial court's finding and order that Mrs. Baker's reimbursement claim may only be satisfied by the equitable lien on the separate property

land and the prohibition that the remaining assets of the Estate may not be used to satisfy this claim.

Section 3.406(b) of the Family Code provides:

> On the death of a spouse, a court may, on application for a claim for reimbursement brought by the surviving spouse . . . impose an equitable lien on the property of a benefited marital estate to secure a claim for reimbursement against that property by a contributing marital estate.

*Id*. § 3.406(b).

Section 355.109(a) of the Estates Code controls when bequests are abated because of debts of the estate and provides as follows,

> a decedent's property is liable for debts and expenses of administration other than estate taxes, and bequests abate in the following order: (1) property not disposed of by will, but passing by intestacy; (2) personal property of the residuary estate; (3) real property of the residuary estate; (4) general bequests of personal property; (5) general devises of real property; (6) specific bequests of personal property; and (7) specific devises of real property.

TEX. EST. CODE ANN § 355.109; s*ee Estate of Anderegg*, 360 S.W.3d 677, 679 (Tex. App.—El Paso 2012, no pet.) (interpreting former version of statute). The statute adds that the decedent's intent expressed in a will regarding the abatement of bequests will control over this section. TEX. EST. CODE ANN. § 355.109(c).

Here, the bequest by Mr. Baker to Mrs. Baker of his one-half community interest in the personal property would fall under (a)(4) of section 355.109, and based upon the First Amended Inventory, Appraisement and List of Claims, said bequest is valued at $78,348.94. Furthermore, Mr. Baker's will does not express his intent regarding abatement of bequests. No bequest contained in the will includes language that the

bequest shall pass free and clear of debts. The general paragraph addressing debts and expenses does not provide for the method of paying debts or the assets used to do so, only that the debts be paid as soon as practicable after death.

Section 255.301 of the Estates Code provides that "a specific devise passes to the devisee subject to each debt secured by the property that exists on the date of the testator's death, and the devisee is not entitled to exoneration from the testator's estate for payment of the debt." *Id*. § 255.301. An exception to this statute is set forth in section 255.302 of the Estates Code and states

> [a] specific devise does not pass to the devisee subject to a debt described by Section 255.301 if the will in which the devise is made specifically states that the devise passes without being subject to the debt. A general provision in the will stating that debts are to be paid is not a specific statement for purposes of this section.

*Id.* § 255.302.

The equitable lien imposed by the trial court was not a debt secured by the property that existed on the date of Mr. Baker's death. Additionally, the plain language of section 3.406(b) of the Family Code allows for a "court to impose an equitable lien on the property of a benefited marital estate *to secure a claim* for reimbursement." TEX. FAM. CODE ANN. § 3.406(b) (emphasis added). The statute does not address priority for payment of the reimbursement claim. We sustain White and Metcalf's third issue.

We affirm the trial court's judgment granting the reimbursement claim and equitable lien. We reverse the trial court's judgment to the extent it limits which assets of the estate may satisfy the reimbursement claim and remand this cause to the trial court for proceedings consistent with this opinion.

MATT JOHNSON
Justice

Before Chief Justice Gray,
        Justice Neill, and
        Justice Johnson
Affirmed in part and reversed in part
Opinion delivered and filed May 26, 2021
[CV06]

