NO. 07-01-0460-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 21, 2002

_____

IN THE MATTER OF THE MARRIAGE OF
CHERYL VINEYARD AND JOHN VINEYARD

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2001-513,025; HONORABLE RUSTY LADD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In three issues, appellant John Vineyard, who is incarcerated and acting pro se, challenges a divorce decree dissolving the marriage between himself and appellee Cheryl Vineyard. In those issues, he contests the trial court's property distribution between the parties. Finding no error in the trial court's ruling, we affirm the judgment.

Appellee's original petition for divorce was filed on March 7, 2001. Appellant was served with process in the Lubbock County Jail on the same day. On April 26, 2001, the trial court signed a notice of intent to dismiss within 45 days unless a default judgment was

signed or an answer or verified motion to retain was filed. Appellant subsequently filed his answer on May 2, 2001. In that answer, appellant asserted that certain itemized pieces of personal property, consisting mainly of tools, were his separate property. He also asserted that he had made improvements to appellee's home, which increased the value of the property, and he had paid off debts that appellee incurred prior to the marriage.

On June 29, 2001, the court set a final hearing on the divorce petition for August 28, 2001. On July 13, 2001, appellant filed a notice of change of address showing he had been moved to another prison. Then, on August 31, 2001, the trial court set the final hearing for September 10, 2001. On that day, the matter was called, and appellee appeared, but appellant did not. The court noted that there had been no request for a bench warrant for appellant's appearance at the hearing, the issues for determination at the hearing were not constitutional ones, and therefore he knew of no reason why the court should require his attendance. During the hearing, an exhibit was admitted showing that delivery of notice of the hearing had been made by Federal Express and signed for (by someone other than appellant) on August 29, 2001.

As a result of the hearing, the trial court granted the divorce, and each party was awarded (1) household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, equipment, clothing, jewelry and other personal effects in their possession or subject to their sole control, (2) cash or funds on deposit in financial institutions which stand in their sole name or from which they have the sole right to withdraw funds, (3) all sums related to profit-sharing plans, retirement plans, pension plans and other benefits

2

existing from their individual employment, (4) all life insurance policies insuring their individual life, and (5) all brokerage accounts, stocks, bonds, and securities registered in their individual names. Appellee was also awarded a residence. The divorce decree was signed on September 10, 2001. Two days later, on September 12, appellant filed motions for continuance, for jury trial, for writ of habeas corpus in which he requested the issuance of a bench warrant for his presence at the hearing, and for mediated resolution.

In his issues, appellant claims he was deprived of (1) his property without due process of law in violation of the United States and Texas Constitutions by the trial court's award of his separate property to appellee "in spite of both pleadings and testimony before the court which clearly raise[d] mixed questions of fact and law . . ."; (2) his property when the court clerk failed and refused to file his motions in violation of the United States and Texas Constitutions; and (3) his constitutional protections when the trial court did not read his answer to the petition "well enough to discern" that clear constitutional issues existed and did not "give weight to clearly specified allegations and challenges to the original petition."

In his first issue, appellant complains of the trial court's failure to take into account the allegations set forth in his answer to the divorce petition, which raised "mixed questions of fact and law." He claims that he clearly identified in his answer at least 75 pieces of separate property, which he left in the "fiduciary care" of his wife, and the trial court should not have awarded even one piece of that property to appellee without asking her on the record about the origin of those items and without allowing rebuttal from him. Appellant

3

also argues the trial court should have addressed the increase in value of appellee's home as a result of improvements made by him and reimbursed him for payment of debts appellee incurred prior to the marriage. The gist of this issue is that the property matters were sufficiently contested to require a specific inquiry as to each contested item and because there was none, the judgment was made without supporting evidence.

The trial court has wide discretion in dividing the estate of the parties, but must confine its division to community property. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985). The ruling of the trial court will not be disturbed on appeal absent an abuse of that discretion. *Matter of Marriage of DeVine*, 869 S.W.2d 415, 427 (Tex.App.--Amarillo 1993, writ denied). However, the party attacking the division of marital property bears the burden of showing that the trial court's division was not just and right, and it must be demonstrable from the record that there was an abuse of discretion. *Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex.App.--Fort Worth 1999, pet. denied). Property possessed by either spouse on dissolution of the marriage is presumed to be community property, and the party seeking to overcome the presumption must establish by clear and convincing evidence that it is separate property. Tex. Fam. Code Ann. § 3.003 (Vernon 1998).

Although there is evidence appellant received notice of the hearing and he does not claim otherwise, he did not request to appear at the hearing by telephone, affidavit, deposition or personal attendance until after the divorce decree had been signed, and therefore the only evidence presented was that of appellee. At the hearing, she testified that she had purchased her home prior to the marriage and was claiming it as personal

4

property. She also stated that she had taken appellant's personal belongings to his mother's house. Further, they only lived together for approximately a year and, during that time, she averred that appellant provided around $2,000 to the household income. Otherwise, she supported him with room and board and bought him personal items. When asked if appellant bought the tools he claimed as his separate property, she replied, "I probably bought most of them." She also testified that there had been three domestic violence reports against appellant in which she sustained broken ribs and bruises.

Without any controverting evidence by appellant as to the characterization of the specific items he claims are separate property or their value, he failed to overcome the presumption that the items were community property. *In re Marriage of Daughtery,* 42 S.W.3d 331, 335 (Tex.App.--Texarkana 2001, no pet.); *Vannerson v. Vannerson,* 857 S.W.2d 659, 670 (Tex.App.--Houston [1st Dist.] 1993, writ denied). However, appellant argues that the listing of property and their values in his response to the petition for divorce is sufficient to provide the court with that information or, alternatively, impose some duty on the court to inquire into those matters of the witnesses at trial, even though appellant was not present to do so himself.

A court may take judicial notice of papers on file in a case. *Tschirhart v. Tschirhart,* 876 S.W.2d 507, 508 (Tex.App.--Austin 1994, no writ). However, generally, judicial notice should be taken of facts only when they are capable of ready or accurate determination by resort to accurate sources. Tex. R. Evid. 201(b); *Bhalli v. Methodist Hosp.,* 896 S.W.2d 207, 210 (Tex.App.--Houston [1st Dist.] 1995, writ denied); *Trimble v. Texas Dept. of*

5

*Protective & Regulatory Service,* 981 S.W.2d 211, 215 (Tex.App.--Houston [14th Dist.] 1998, no pet.). Therefore, even if the court had taken judicial notice of appellant's response to the petition for divorce, it could not take judicial notice of the truth of the allegations in that pleading. *Tschirhart,* 876 S.W.2d at 508; *but see Vannerson,* 857 S.W.2d at 671 (holding that the court could take judicial notice of an inventory filed with the court and rely on it in reaching a conclusion of law, but also finding no harm even if error occurred because the court had a trial exhibit containing a listing of the community property). If the reverse were true, it would never be necessary for parties to present sworn testimony at trial because the court could merely rely on the allegations in the pleadings of the parties.

In this instance, the court noted the response filed by appellant and that it was "[r]espectfully submitted and sworn to," but received it as a straight pleading because it was not verified.[1] The court further noted that the contested issue was whether certain items of property were part of the community estate. Thus, the court was aware of the contents of appellant's pleading. However, we know of no authority which imposes a duty on the court to elicit testimony as to the characterization of the property or to require a testifying party to provide the same. The parties may or may not furnish such information depending on whether they seek to establish the property as separate. *See Finch v. Finch*, 825 S.W.2d 218, 226 (Tex.App.--Houston [1st Dist.] 1992, no writ). As already stated, the

---

[1]The statement also failed to meet the requirements of section 132.002 of the Civil Practice and Remedies Code as an unsworn declaration of an inmate in that it did not state that it was subscribed by the person making the declaration as true under penalty of perjury.

burden was on appellant to prove by clear and convincing evidence that the property he claimed as separate was not part of the community estate. Appellant also bore the burden to establish his right to reimbursement for money, time and effort expended to improve appellee's separate property. *Rogers v. Rogers,* 754 S.W.2d 236, 239 (Tex.App.--Houston [1st Dist.] 1988, no writ). Likewise, it was appellant's responsibility to provide evidence that his payment on debts incurred by appellee prior to the marriage was something other than a gift. *See Matter of Marriage of Louis,* 911 S.W.2d 495, 497 (Tex.App.--Texarkana 1995, no writ). Those burdens were not met, and evidence was presented at trial to support the court's ruling. Appellant's first issue is overruled.

In his second issue, appellant complains of the failure of the court clerk to file his motions for continuance, for jury trial, for writ of habeas corpus ad testificandum, and for mediated resolution which, he contends, resulted in the deprivation of his property.[2] Although appellant hand-dated his pleadings on September 3, 2001, there is no evidence as to when they were actually placed in the mail. The clerk's record shows that these documents were filed on September 12, 2001. Therefore, there was no refusal on the part of the clerk to file the documents.

---

[2]In this issue, appellant also complains of other miscellaneous acts of the trial court and the court clerk in failing to respond to inquiries, to notify all parties of the notice of appeal, to deliver copies of transcripts and filed documents during this appeal, to notify him of "ruling on appeal," to respond to requests for inquiries on "these transgressions," to conduct an investigation of "the matter," and to rule on his request for a restraining order. Allegedly, these acts deprived him of his property interests. These remaining matters are multifarious and we are not required to address them. *Furr v. Hall*, 553 S.W.2d 666 (Tex.Civ.App.--Amarillo 1977, writ ref'd n.r.e.).

As to whether the clerk failed to timely file the documents, appellant points to testimony at the divorce hearing on September 10 in which appellee's counsel indicated he had received some other documents from appellant which the clerk's record did not show were filed as of the hearing. Although appellant complains of counsel's silence and the trial court's failure to investigate, there is no showing that the court was even aware of the nature of those documents. Further, appellant cites no authority which would require appellee's counsel to file those documents on his behalf or require the court to investigate why the documents had not yet been filed. Finally, there is no evidence that the court clerk did not file those documents on the date they were received by her office. Appellant's second issue is overruled.

Finally, in his third issue, appellant claims violations of his constitutional rights as a result of "the failure of the trial court to read the filed document and give weight to clearly specified allegations and challenges to the original petition; and to, despite clear claims to seperate [sic] protected property, then declare that no constitutional issues exist; and to issue an arbitrary decree without basis in fact or law, without asking a single question in regard to the specific challenges posed clearly in the answer, properly before the court, relevant to the subject matter and germane to the ruling. . . ." Appellant particularly complains of the trial court's following remarks at the hearing:

> What is at issue is whether or not various items were members of the -- was part of the community estate or part of a separate estate when it became a community estate, and whether or not any of the property that was separate estate, and this is is all a legal bunch of mumble jumble I understand as far as you're concerned, but what I am doing is making a record for us, that

8

> there may have been some kind of increase in value of separate estate and that increase in value might have been community property.
>
> Now, none of those rise to any kind of constitutional issue. Mr. Vineyard is not -- there is nothing in any pleading in which the court is being asked to make any determination that rises to the level of constitutional issue. He is not entitled unless he can show some overwhelming just need to be present, no reason why the court should bench warrant him here . . . .

Appellant claims this statement is error because the nature of property is fixed by the constitution, and the separate property of one spouse may not be awarded to the other spouse because it is constitutionally forbidden. The comment of the trial court was made with respect to whether a bench warrant should issue. Even if the comment was in error, no harm resulted to appellant from the comment itself, since he did not timely request to be present at the hearing.

Further, while it is reversible error for a trial court to award the separate property of one spouse to another, in this instance, as we have already discussed, there was no evidence presented at the hearing as to the separate nature of the property appellant requested. The burden to provide that evidence was on appellant, not the trial court or appellee's counsel. We are aware of no authority, and appellant has provided none, which states that the mere assertion of allegations in a petition imposes a duty on the court to conduct its own independent investigation to produce evidence not offered by any of the parties. Even assuming that the court had questioned appellee extensively at the hearing, there has been no showing that it would have produced any evidence that would have changed the result of this proceeding. Therefore, the trial court did not abuse its discretion

9

in not awarding the challenged items of property to appellant. Appellant's third issue is overruled.

Having found no reversible error, we affirm the judgment of the trial court.


John T. Boyd
Chief Justice

Do not publish.