**Affirmed in Part, Reversed in Part, and Remanded, and Opinion filed April 12, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00870-CV

## IN THE MATTER OF THE MARRIAGE OF LOWELL M. MCCOY, JR., AND KARON K. ELS

**On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 75438-F**

## O P I N I O N

In this divorce proceeding, Husband appeals from the trial court's division of the marital estate. In three issues, Husband contends the trial court erred by (1) denying his motion for continuance; (2) excluding evidence as a discovery sanction under Rule 193.6 of the Texas Rules of Civil Procedure; and (3) finding that the community estate had a reimbursement claim against Husband's separate property for $162,000 and including this claim in the division of the community property.

We sustain Husband's third issue, reverse the decree of divorce concerning the division of the marital estate and Wife's reimbursement claim, and remand for a new trial and division of the marital estate.

## I.  BACKGROUND

Husband and Wife married in 1976.  Husband inherited real property in Brazoria in 1990, and the parties lived there until they separated in 2013.  The parties agree that the real property is Husband's separate property.

At a bench trial, Wife testified that the community estate made various improvements to the property during the marriage.  She testified that some of the improvements to the property included the following: adding fencing and gates; redrilling a water well; building a 50-foot by 100-foot barn, which included a 50-foot by 30-foot cement slab; building livestock pens; clearing about three acres of land with a bulldozer; cleaning up an old house and knocking it down; cleaning out an old barn and demolishing it; removing trash from the property; and twice building up a road by adding materials to it.

Wife testified further that there was a kitchen fire in 2004, and as a result, the parties made the following improvements to the house: completely redid the kitchen; replaced all the flooring; retextured and repainted the ceilings; repainted the entire interior of the house; replaced the roof; replaced the cabinets in the kitchen with custom-built cabinets; replaced the eaves of the house; and installed a new dishwasher, stove, and vent-a-hood.

Wife testified that the total cost of all the improvements was $99,345, and all the improvements were made with community funds.  Wife's expert, Joseph Fischer, testified that the value of the real property in 1990 was $113,000, and the value of that property at the time of trial in 2014 was $275,000.  The trial court

admitted Fischer's appraisal reports based on comparable sales. The property value in 1990 was based on sales occurring in 1989 and 1990.

Wife testified that the "enhanced value" of the property was $162,000, based on the difference in values in 1990 and 2014.[1] Wife testified further that the house would not have any value without the improvements. She answered "yes" to the question of whether "[t]hose improvements are what has increased the value today."

Fischer also testified about the improvements made to the property. He described them as "basic things that all homeowners do as time progresses—paint and that sort of thing, routine maintenance." He testified that the improvements "tended to fall into the routine keeping up of a property over the years that anyone would do. They got rid of some old outbuildings. They did some fence work, things like that." On cross-examination, Fischer answered "yes" to the question, "And since 1978, have you seen an increase in the valuation of properties that is not related to improvements?"

At the conclusion of the trial, the court ruled on the reimbursement claim:

> Item Number 64, based upon the testimony and the case law and the Family Code, I will find that there is a reimbursement claim to the community for the improvements made; and the enhanced value is the method by which to determine that value; and I will find that the reimbursement claim is $162,000; and I've split that between the parties, $81,000 each.

---

[1] In particular, Wife testified as follows:

Q. And the value of the property in 1990 was 113,000.
A. Yes, ma'am.
Q. And the value of the property now is 275,000.
A. Yes, ma'am.
Q. Okay. And that leaves 162 being the enhanced value of that property; is that right?
A. Yes, ma'am.

As a result, the trial court's division of community property was $90,943 to Husband and $93,571 to Wife, which the trial court found was a fair and equitable division. The trial court granted Wife an equitable lien of $81,000 on Husband's separate real property.

Husband appealed.

## II.    REIMBURSEMENT

In his third and dispositive issue, Husband contends the trial court abused its discretion by including the $162,000 reimbursement claim in the division of the marital estate. He challenges the legal and factual sufficiency of the evidence supporting the trial court's implied findings that (1) there were capital improvements to the property, and (2) if there were improvements, the reimbursement claim was $162,000. We hold that there is sufficient evidence of some capital improvements but insufficient evidence that those improvements enhanced the value of the property by $162,000.

### A.    Standard of Review

In a divorce decree, a trial court must order a division of the estate of the parties in a manner that the court deems just and right. *Stavinoha v. Stavinoha*, 126 S.W.3d 604, 607 (Tex. App.—Houston [14th Dist.] 2004, no pet.). We review the trial court's division for an abuse of discretion. *Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). A trial court's discretion in making a just and right division of the community estate is as equally as broad as the trial court's discretion in evaluating a claim for reimbursement. *Id.* at 174.

A trial court abuses its discretion if it acts unreasonably or arbitrarily. *Id.* at 164. "A trial court does not abuse its discretion if there is some evidence of a

4

substantive and probative nature to support the decision." *Id.* (quotation omitted). Accordingly, the legal and factual sufficiency of the evidence are not independent grounds of error, but they are relevant factors in assessing whether the trial court abused its discretion. *Id.*; *Stavinoha*, 126 S.W.3d at 608. We make a two-pronged inquiry: "(1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion?" *Lucy v. Lucy*, 162 S.W.3d 770, 775 (Tex. App.—El Paso 2005, no pet.); *see also Evans v. Evans*, 14 S.W.3d 343, 346 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The sufficiency review concerns the first question, and then we must determine whether the trial court made a reasonable decision. *See Lucy*, 162 S.W.3d at 775 (applying this standard when the division of the estate included an alleged reimbursement claim).

When, as here, the trial court does not sign findings of fact, we presume the trial court made all necessary findings to support its judgment if those findings are supported by the evidence. *See Garcia v. Garcia*, 170 S.W.3d 644, 652 (Tex. App.—El Paso 2005, no pet.). When evaluating the legal sufficiency of the evidence to support a reimbursement claim, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it, crediting favorable evidence if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not. *Barras*, 396 S.W.3d at 177. Regarding factual sufficiency, we examine the entire record and set aside the fact finding only if it so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 178.

## B.    Legal Principles for Reimbursement Claims

Reimbursement is an equitable claim that arises when the funds of one estate—here, the community estate—are used to benefit and enhance another estate

without itself receiving some benefit. *Id.* at 173. A claim for reimbursement includes capital improvements to property other than by incurring debt. Tex. Fam. Code Ann. § 3.402(a)(8). "Reimbursement for funds expended by a marital estate for improvements to another marital estate shall be measured by the enhancement in value to the benefited marital estate." *Id.* § 3.402(d); *see also Anderson v. Gilliland*, 684 S.W.2d 673, 675 (Tex. 1985) (rejecting "cost" as a measurement for reimbursement claims). The amount of the enhanced value is determined at the time of partition or dissolution of the marriage. *See Anderson*, 684 S.W.2d at 675 (determining the reimbursement claim based on the enhancement in value at the time of the husband's death); *Dakan v. Dakan*, 83 S.W.2d 620, 628 (Tex. 1935) (noting the claim is based on the amount of enhancement "at the time of partition"). "The party claiming the right of reimbursement has the burden of pleading and proving that the expenditures were made and that they are reimbursable." *Barras*, 396 S.W.3d at 173–74.

## C.     Sufficient Evidence of Improvements

Initially, Husband contends there is no evidence of improvements to the real property, focusing on Fischer's characterizations of the improvements as "routine maintenance." *See id.* at 175 (suggesting that home repairs and maintenance are not capital improvements). Husband also points to Fischer's testimony that conflicts with Wife's about the size of the concrete slab under the barn.

However, as detailed above, Wife testified about the various improvements made to the property. Such improvements included building a barn, re-roofing the house, adding custom-built cabinets, replacing the flooring in the house, and completely redoing the kitchen, among other things. Most, if not all, of the improvements Wife detailed could be considered capital improvements. *See id.* (suggesting that adding tile to a home, remodeling a home, and constructing a

6

garage could be capital improvements). The trial court could have credited Wife's testimony and disregarded Fischer's on this issue to reasonably find that the community estate made improvements to Husband's separate property.[2] Similarly, the evidence is factually sufficient to support the court's implied finding that the community estate made improvements to Husband's separate property. *See Smith v. Smith*, 715 S.W.2d 154, 157 (Tex. App.—Texarkana 1986, no writ) (sufficient evidence to support the right to reimbursement when there was evidence that community funds were used to build a barn and fences among other things).

**D. Insufficient Evidence of the Enhanced Value Attributable to Improvements**

Husband also contends that neither Wife's nor Fischer's testimony supports the trial court's finding of a reimbursement claim in the amount of $162,000. In particular, Husband contends that there is "no competent evidence" of the enhancement at the time of repairs.

"The enhanced value is determined by the difference between the fair market value before and after improvements made during the marriage." *Rogers v. Rogers*, 754 S.W.2d 236, 239 (Tex. App.—Houston [1st Dist.] 1988, no writ). To be reimbursable, a property's enhanced value must be "attributable to the community expenditures." *Zagorski v. Zagorski*, 116 S.W.3d 309, 321 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see also Rogers*, 754 S.W.2d at 240 (claimant must show "what portion of the enhanced value was attributable to these expenditures"). Thus, it is not sufficient for the party seeking reimbursement to prove that the value of property has simply increased over time; the party seeking reimbursement must prove that the enhanced value of the property "was

---

[2] Further, we note that Fischer testified that he did not see the house before repairs were made after the 2004 fire, so he did not "know how extensive the repairs would have had to have been."

actually due to the renovations" or other improvements. *See Garza v. Garza*, 217 S.W.3d 538, 547 (Tex. App.—San Antonio 2006, no pet.) (no abuse of discretion in denying reimbursement claim when the only testimony about the value of the property was that the husband purchased it for $4,000 and it was worth $9,000 at the time of trial). Nor is evidence of the cost of improvements alone sufficient to prove enhanced value. *See Rogers*, 754 S.W.2d at 240.

As Chief Justice McClure has explained, "Evidence showing the value of the property without improvements and the value of the property with improvements is sufficient to sustain a finding as to the amount of the enhancement value." *Kimsey v. Kimsey*, 965 S.W.2d 690, 703 (Tex. App.—El Paso 1998, pet. denied); *accord Smith*, 715 S.W.2d at 157; *Girard v. Girard*, 521 S.W.2d 714, 718 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ). Professor Leopold presents the method of proof succinctly:

> The enhanced value from the improvements made is calculated under the following formula. First, the fair market value of the property in its improved condition is determined as of the date of the dissolution of the marital relationship. Then, a determination is made as to what the fair market value of the property would have been at the date of the dissolution had the improvements not been present on the property. The difference between these two value calculations is the amount of the reimbursement claim.

38 Aloysius A. Leopold, *Texas Practice Series: Marital Property and Homesteads* § 14.6 (1993).[3]

---

[3] We do not read *In re Marriage of Gill*, 41 S.W.3d 255 (Tex. App.—Waco 2001, no pet.), to hold otherwise. Although the court of appeals wrote generally that the enhanced value of property was determined by "the value of the property on the date of marriage compared to the value of the property on the date of divorce," the court ultimately reversed the award of reimbursement for insufficient evidence of enhancement. *Id.* at 258–59. And, to the extent *In re Marriage of Gill* holds the mere subtraction of value on the date of marriage from the value on date of divorce is sufficient to prove enhanced value, we would not follow it based upon our own precedent. This calculation would ignore the requirement that a party seeking reimbursement

In *Kimsey*, for example, the court of appeals noted that present-day values of real property had increased "due to natural market fluctuations" in addition to the improvements. *See* 965 S.W.2d at 703. So, to determine the amount of enhanced value attributable to improvements that would be supported by the evidence, the court of appeals subtracted "the full increase in the value of the raw acreage" from the fair market value of the property with improvements. *See id.*

Here, both Wife and Fischer testified that the property was worth $113,000 in 1990 and $275,000 in 2014. Wife's and Fischer's testimony provided the trial court with evidence of the value of the property *with* the improvements as of the date of the dissolution of the marriage: $275,000.

However, there is no competent evidence of the value of the property *without* improvements at any time near the dissolution of the marriage. Wife testified that the "enhanced value" of the property was "162," i.e., $162,000. For this opinion on enhanced value, Wife performed a mathematic computation, subtracting the 1990 fair market value from the 2014 fair market value and concluding that the improvements "are what has increased the value today." Even viewed in the light most favorable to Wife, Wife's testimony does not yield a reasonable inference that the fair market value of the property in 2014 without the improvements was $113,000. Even assuming Wife was qualified to testify about the enhanced value as a property owner, this valuation is conclusory and speculative. As we have explained recently:

> An owner may not simply echo the phrase "fair market value" and state a number to substantiate the owner's claim; the property owner must provide the factual basis on which the opinion rests. This burden is not onerous, particularly in light of the resources available

prove the portion of the enhanced value attributable to the improvements. *See Zagorski*, 116 S.W.3d at 321; *Rogers*, 754 S.W.2d at 240.

today. But, the valuation must be substantiated; a naked assertion of "fair market value" is not sufficient. Even if unchallenged, the property owner's testimony must support the verdict, and conclusory or speculative statements do not.

*DZM, Inc. v. Garren*, 467 S.W.3d 700, 703 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 159 (Tex. 2012)).

Wife suggests that *DZM* does not apply because it is not a divorce case, and Wife contends that *Mata v. Mata*, 710 S.W.2d 756 (Tex. App.—Corpus Christi 1986, no writ), "remains the prevailing law today regarding divorce matters and valuation of property." Wife's effort to distinguish *Mata* and *DZM* is unavailing because *Mata* held that a property owner "may testify" about the value of his or her property. 710 S.W.2d at 758. *Mata* is entirely consistent with *DZM* and *Justiss*. *See Justiss*, 397 S.W.3d at 156 (noting that a property owner is "*qualified* to testify to property value," but to be legally sufficient, the testimony still must not be conclusory or speculative). Further, *Mata* relied on non-divorce cases for its reasoning. *See* 71 S.W.2d at 758. This court has similarly relied on non-divorce cases when evaluating, in a divorce case, whether an owner's opinion of value was adequate. *See Baker v. Baker*, 624 S.W.2d 796, 798–99 (Tex. App.—Houston [14th Dist.] 1981, no writ) (holding that the owner's testimony about the value of a diamond did not support the jury's finding).

Wife based her valuation of the property without improvements solely on the property's value nearly twenty-five years before trial. But the fair market value of the property in 1990 without improvements is not a factual basis for her testimony about the value of the property in 2014 without improvements. *Cf. DZM*, 467 S.W.3d at 703 ("[E]vidence of the amount paid in the past to purchase property, by itself, is legally insufficient to support a finding as to the property's market value at

a later date."). Wife's testimony about the value of Husband's property without improvements in 2014 is akin to conclusory and speculative testimony about the reduction in value of property after suffering a legal injury. *Cf. Justiss*, 397 S.W.3d at 159 (collecting cases where evidence of diminished value was legally insufficient; for example, a homeowner testified she lost $60,000 when forced to sell her home, but she failed to explain how she arrived at that conclusion; and an owner testified that his property had suffered a "reduction in value" between $1.8 million and $2.2 million, but there was no basis for his opinion).

This is not a case with evidence of (1) the property's value shortly before the improvements; (2) a relatively short time period between the date of the improvements and another valuation before trial; and (3) a reimbursement award at a significantly lower amount than the difference between the two valuations. *See Zamiatowski v. Zamiatowski*, No. 14-13-00478-CV, 2013 WL 1803604, at *3 (Tex. App.—Houston [14th Dist.] Apr. 30, 2013, no pet.) (mem. op.) (affirming reimbursement claim of $55,675 when the property was valued at $76,400 in 2007, a warehouse was constructed in 2008, and the property was valued at $175,000 in 2010; there was "some probative evidence of a difference in fair market value of $98,600 before and after the improvement"); *cf. Babaria v. City of Southlake, Tex.*, No. 02-14-00068-CV, 2016 WL 287523, at *5 (Tex. App.—Fort Worth Feb. 11, 2016, no pet. h.) (mem. op.) (holding that in a condemnation proceeding, comparable sales "occurring within five years before the taking are not too remote to be admissible as evidence of fair market value," and the expert's opinion based on those sales was reliable). *But see Padon v. Padon*, 670 S.W.2d 354 (Tex. App.—San Antonio 1984, no writ) (holding the evidence was insufficient to support a $50,000 reimbursement claim when there was evidence the property was

purchased for $89,900 in 1977, improvements were made over the course of four years, and the property was worth $200,000 at the time of trial).

Here, there is evidence that some improvements occurred in 2004 and 2005, but the only estimate of the fair market value before the improvements was based on the property's value about fifteen years earlier. And, nearly ten years had passed between the time of those improvements and trial. Wife adduced no evidence about when, in the twenty-five year time span, the other improvements were made.

The record shows the property increased in value over time and improvements were made using community funds. But, viewing the evidence in the light most favorable to the trial court's ruling, there is no competent evidence that the property's value would be $113,000 without the improvements. Fischer's appraisal based on comparable sales twenty-five years earlier is not competent evidence of the present-day market value without improvements. *Cf., e.g.*, *State v. Reina*, 218 S.W.3d 247, 258 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("Texas law generally discourages the use of remote comparable sales."); *City of Longview v. Boucher*, 523 S.W.2d 274, 277 (Tex. Civ. App.—Tyler 1975, writ ref'd n.r.e.) (holding that evidence of a sale occurring eight years prior should have been excluded in this condemnation case); *State v. Dickerson*, 370 S.W.2d 742, 745 (Tex. Civ. App.—Houston 1963, no writ) (holding that a sale "eight years prior to the date of taking, in the absence of testimony that no material changes in market conditions had occurred, was, in the state of this record, so remote in time that reasonable minds could not differ from the conclusion that such evidence lacked probative force"). And, Wife's testimony about the cost of the improvements cannot substitute for evidence of enhanced value. *See Anderson*, 684 S.W.2d at 675; *Rogers*, 754 S.W.2d at 240.

In sum, Wife provided no evidence of a substantive and probative nature to support the trial court's finding that the property's value was enhanced $162,000 by reason of the improvements. *See Zagorski*, 116 S.W.3d at 321 (party seeking reimbursement must prove the enhanced value attributable to the community expenditures). Lacking evidence of the value of the property without improvements at or near the time of the dissolution of the marriage, the trial court did not have sufficient information to determine that the amount of the reimbursement claim was $162,000. Because there is insufficient evidence of the enhanced value attributable to the community expenditures, we sustain Husband's third issue.[4]

### III. CONCLUSION

There being some evidence that improvements were made to the property and that the property increased in value, a remand for a new trial on the reimbursement claim is appropriate. *See Padon*, 670 S.W.2d at 358, 360. Because the reimbursement claim comprised such a large amount of the community estate, it materially affected the just and right division of property, and we therefore remand for a new division of the community estate. *See, e.g.*, *McCann v. McCann*, 22 S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (remanding for new division of the community estate when the trial court erroneously included a $37,261 reimbursement claim in the award of $292,750 of community property to the appellee).

Accordingly, we reverse the portion of the decree of divorce concerning the division of the marital estate and the equitable lien for Wife's reimbursement claim. We remand to the trial court for a new trial on the division of the marital

---

[4] We do not address Husband's first and second issues because our resolution of Husband's third issue provides him with the same relief. *See* Tex. R. App. P. 41.7.

estate, including Wife's reimbursement claim. The remainder of the judgment is affirmed.



                                        /s/      Sharon McCally
                                                 Justice


Panel consists of Justices Jamison, McCally, and Wise.