COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| DIANA XUAN TRAN, | § | No. 08-22-00100-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | County Court at Law Number 5 |
| | § | |
| VINH VAN HOANG, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | Cause No. 2020DCM1161 |

## MEMORANDUM OPINION

Appellant Diana Xuan Tran appeals from a final decree of divorce, which dissolved her marriage to Appellee Vinh Van Hoang and divided their marital estate. In two issues, Tran asserts the trial court erred in its division of the marital estate and by denying her request for a continuance. We affirm.

## BACKGROUND

Tran and Hoang were married in 2015 and ceased living together as husband and wife in January 2020. The couple had no children born of the marriage. Tran filed for divorce on February 26, 2020. Hoang both answered and filed a counterpetition for divorce.

The trial court called the case for final hearing on April 28, 2022. Tran's attorney announced, "not ready," informing the court he had been unable to reach his client, by email or calls. In turn, Hoang's counsel, accompanied by Hoang and a Vietnamese interpreter, announced ready. Tran's attorney next requested a continuance. In support, he described he had tried contacting Tran "within days of receiving [notice] from the Court." He explained he had not yet heard back from her. Hoang's attorney interjected that he did not object to a continuance, but he preferred going forward because he had faced some difficulty in obtaining an interpreter. Rather than object, he described that he would "leave it up to the Court," adding that his client had a counterpetition on file. The trial court denied the continuance, indicating the case presented extraordinary circumstances. The court noted there were difficulties setting the case for trial, both with finding available time on its docket, and with obtaining an interpreter. The trial court stated that "granting the continuance would create a substantial delay in hearing the case[,]" and thus, it proceeded with trial in Tran's absence.

Only Hoang testified and no exhibits were admitted into evidence. Hoang described that his marriage to Tran had become insupportable due to conflict, and he saw no chance of reconciliation. Hoang testified that while married, the parties acquired a nail salon business, a Lexus, a Rolex watch, life insurance policies, and joint bank accounts. Regarding the Rolex, Hoang stated Tran bought him the watch as a gift when the couple was together, putting $3,000 down and charging the remaining $13,800 to a credit card, which he ultimately paid off. Regarding the life insurance policies, Hoang testified he paid monthly premiums on his credit card for each policy. Hoang testified that upon their separation, the parties severed their business ties in the salon, which Tran continued to run, and separated their bank accounts into individual accounts. He also stated

2

after the parties separated, he purchased a Honda for $48,000, on which he owed a $26,000 balance. He testified the Lexus and the Rolex were both in Tran's possession.

At the conclusion of trial, the court requested that each party present a proposed division of marital assets and debts. Tran did not file a proposed division. Hoang's proposal requested the trial court award to him both vehicles, the Rolex, all bank accounts in his name, and all personal property in his possession, and to Tran the nail salon business, the life insurance policies, all bank accounts in her name, and all personal property in her possession except as specified by award to Hoang. Hoang's requested division indicated that each party would retain all debts incurred solely in their name, "save and except those debts specifically assigned to the [other party]." Consistent with Hoang's request to be awarded both vehicles, he asked that "if any balance is still owing" on the promissory note signed to purchase the 2017 Lexus automobile, that he be ordered to make monthly payments on the note and to refinance that note within 90 days. Hoang also requested to be assigned "[t]he indebtedness owed on the 2019 Honda automobile awarded to him herein." Hoang's proposal did not contain asset values or debt balances.

On May 9, 2022, the trial court issued written Findings and Orders, which briefly described the division of property and debt to each party without assigning values or balances.[1] A paragraph below the trial court's signature directed counsel of both parties to prepare the proposed judgment and appear on June 8, 2022. The trial court then signed a Final Decree of Divorce on June 9, 2022. The decree awarded assets as requested by Hoang. As for debt, Tran was assigned all the unspecified debt, if any, associated with the nail spa business, while Hoang was assigned the

---

[1] We do not construe the Findings and Orders to constitute "findings of fact" as that term is ordinarily used by the Texas Family Code and Texas Rules of Civil Procedure. *See In re K.E.S.*, No. 11-20-00167-CV, 2021 WL 219668, at *3 (Tex. App.—Eastland Jan. 22, 2021, no pet) (noting the trial court merely informed the parties of its rulings and requested that a formal, final judgment be prepared and submitted to the trial court).

unspecified debt, if any, associated with the two vehicles. Both parties were ordered to pay any debt incurred solely by them during their marriage.

Post-trial and before expiration of the trial court's plenary period, Tran filed multiple pro se motions, letters, and attachments, explaining she had not received notice of the final hearing as she had been in Vietnam from March 27 to June 2, 2022. Included in her filings was a motion for new trial, which was overruled by operation of law. Tran also filed a pro se notice of appeal.[2]

## ANALYSIS

Tran raises two issues on appeal. First, she asserts the trial court erred in its division of the marital estate. Second, she contends the trial court erred by denying her request for a trial continuance. We address her second issue first.

### A. Motion for Continuance

Tran contends the trial court erred in denying her motion for continuance given she was not present for the final hearing. We review a trial court's order denying a motion for continuance for a clear abuse of discretion on a case-by-case basis. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). An abuse of discretion occurs when a trial court acts in an arbitrary or unreasonable manner, without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Texas Rule of Civil Procedure 251 provides that a continuance shall not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." "A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit." *Serrano v. Ryan's Crossing Apts.*, 241 S.W.3d 560, 564

---

[2] Tran's trial attorney filed a motion to withdraw after the final decree of divorce was signed. Tran filed oppositions to the motion to withdraw. The trial court never held a hearing on the motion. Tran proceeds on appeal represented by new counsel.

4

(Tex. App.—El Paso 2007, pet. denied) (citing TEX. R. CIV. P. 251). The mere absence of a party does not necessarily entitle the party to a continuance. *Vickery v. Vickery*, 999 S.W.2d 342, 363 (Tex. 1999). Rather, a reasonable excuse for not being present and prejudice must be shown. *Id*.

A trial court generally does not abuse its discretion in denying an oral motion for continuance. *In re J.P.-L.*, 592 S.W.3d 559, 575 (Tex. App.—Fort Worth 2019, pet. denied). When a movant fails to support a motion for continuance with an affidavit in compliance with Rule 251, the appellate court will presume that the trial court did not abuse its discretion in denying the motion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *Wilborn v. GE Marquette Med. Sys., Inc.*, 163 S.W.3d 264, 267 (Tex. App.—El Paso 2005, pet. denied).

Here, Tran's attorney offered an oral motion for continuance at the start of the final hearing. This motion did not comply with the requirements of Rule 251. Therefore, we must presume the trial court did not abuse its discretion in denying the oral motion for continuance. *See Villegas*, 711 S.W.2d at 626; *Wilborn*, 163 S.W.3d at 267. Considering the evidence before the trial court at the time of its ruling—and Tran's lack of compliance with Rule 251—we cannot say the trial court abused its discretion in denying a continuance.

Accordingly, we overrule Tran's second issue.

## B. Division of the marital estate

### (1) *Standard of review and applicable law*

Trial court decisions pertaining to property division incident to divorce are reviewed against an abuse of discretion standard. *Tate v. Tate*, 55 S.W.3d 1, 5–6 (Tex. App.—El Paso 2000, no pet.). In a divorce proceeding, we afford a trial court wide latitude in the exercise of its discretion to divide the marital estate. *Roberts v. Roberts*, 531 S.W.3d 224, 232 (Tex. App.— San Antonio 2017, pet. denied). Typically, "demonstrating an abuse of discretion is one of the tougher

appellate propositions." *Tate*, 55 S.W.3d at 5. Even so, "[a] trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles." *Villanova v. Fed. Deposit Ins. Corp.*, 511 S.W.3d 88, 94 (Tex. App.—El Paso 2014, no pet.). If "an appellant is challenging the sufficiency of the evidence to support the court's valuation of a particular asset, he must also contend that the erroneous valuation caused the court to abuse its discretion in the overall division of the community estate." *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 206 (Tex. App.—El Paso 2003, no pet.).

Determining whether the trial court abused its discretion thus involves a two-pronged inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in its application of discretion. *See Martinez Jardon v. Pfister*, 593 S.W.3d 810, 819 (Tex. App.—El Paso 2019, no pet.)*; In re M.V.*, 583 S.W.3d 354, 361 (Tex. App.—El Paso 2019, no pet.). When, as here, the trial court does not issue findings of fact, we presume the trial court made all necessary findings to support its judgment if those findings are supported by the evidence. *In re Marriage of Walzel*, No. 14-16-00637-CV, 2018 WL 614767, at *3 (Tex. App.—Houston [14th Dist.] Jan. 30, 2018, no pet.) (mem. op.) (citing *In re Marriage of McCoy & Els*, 488 S.W.3d 430, 433 (Tex. App.—Houston [14th Dist.] 2016, no pet.)). In considering the legal sufficiency of the evidence, we view the evidence in the light most favorable to the challenged finding, indulging every reasonable inference that would support it, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *Id.* Under a factual sufficiency challenge, we examine all evidence in the record and reverse only if the finding is so contrary to "the great weight of the evidence as to be clearly wrong and unjust." *Slicker v. Slicker*, 464 S.W.3d 850, 858–59 (Tex. App.—Dallas 2015, no pet.).

"In a bench trial, the trial court acts as the fact finder and is the sole judge of the credibility of witnesses." *Id.* at 858. Sufficiency challenges are factors relevant to whether the trial court abused its discretion, not independent grounds of error. *In re M.V.*, 583 S.W.3d at 361. If there is evidence of substantive and probative character supporting a trial court's decision, we cannot conclude on review that the court abused its discretion in reaching its decision. *Martinez Jardon*, 593 S.W.3d at 819.

The general rule of property division provides that "[i]n a decree of divorce . . . the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001. The Supreme Court of Texas has interpreted this "just and right" provision as requiring a court "to do complete equity as between the husband and wife and the children, having due regard to all obligations of the spouses and to the probable future necessities of all concerned." *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018). That is, there is no requirement that the trial court divide the community estate equally, but its division must be done in a manner that is "just and right." *Sandone*, 116 S.W.3d at 207.

**(2)  *Analysis***

Tran contends the trial court improperly awarded Hoang both vehicles and the Rolex because the value of assets and liabilities were not sufficiently clear such that the trial court could not have determined that award amounted to a just and right division. However, Tran did not provide the trial court with any valuation evidence. "[E]ach party in a divorce proceeding has a burden to present sufficient evidence of the value of the community estate to enable the trial court to make a just and right division." *Aduli v. Aduli*, 368 S.W.3d 805, 820 (Tex. App.—Houston [14th Dist.] 2012, no pet) (citing *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981)). "Generally, a

7

party who does not provide to the trial court any value for the property cannot, on appeal, complain of the trial court's lack of information in dividing the community estate." *In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 385 (Tex. App.—Dallas 2013, no pet.). Because there is "some evidence" of the contested items' value in Hoang's testimony,[3] this case does not fit within an exception to that default rule. *Garcia v. Ruiz*, No. 01-17-00969-CV, 2019 WL 2426167, at *4 (Tex. App.—Houston [1st Dist.] June 11, 2019, no pet.) (mem. op.) ("Such a waiver ruling may be appropriate in cases where there is some evidence of the value of the contested item or estate or in cases where the only unvalued items would obviously have little effect on the overall division." (internal citation omitted)); *see Mathis v. Mathis*, No. 01-17-00449-CV, 2018 WL 6613864, at *3 (Tex. App.—Houston [1st Dist.] Dec. 18, 2018, no pet.) (mem. op.) ("[T]hat rule is not without exception: an appellate court will not uphold a property division if there is *no* evidence in the record to support the trial court's valuation and division." (emphasis added)).

While Hoang provided only qualitative evidence of the nail's salon relative value compared to the Lexus,[4] that is sufficient to support the trial court's division of marital assets. *See Knight v. Knight*, 301 S.W.3d 723, 728 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision."). Further, Tran was the party positioned to provide specific valuation as to the salon's business value, as Hoang was no longer involved in the business; however, she did not do so either at or after trial. And in her motion for new trial, Tran asked that the court set aside the judgment because the Rolex and Lexus were granted to Hoang but did not claim the trial court

---

[3] Specifically, Hoang testified (1) he purchased the Honda for $48,000 and owed $26,000 on the balance; (2) he and Tran purchased the Lexus together, and it was paid off; and (3) the watch cost $16,800, of which Tran paid $3,000 and he paid $13,800.

[4] Hoang testified he "believe[d] that the nail salon has more value than the [Lexus]."

made a valuation error. She did not request a hearing on her motion for new trial or attempt to put forth any valuation exhibits, though she attached 18 exhibits to that motion. Tran also did not request the trial court issue findings of fact. Thus, Tran waived her right to a valuation challenge on appeal.

In any event, "[v]aluation errors, standing alone, do not constitute an abuse of discretion." *In re Marriage of Hardin*, 572 S.W.3d 310, 313 (Tex. App.—Amarillo 2019, no pet.). A valuation error constitutes reversible error only if it renders the trial court's division manifestly unjust. *Id.* So, if "an appellant is challenging the sufficiency of the evidence to support the trial court's valuation of a particular asset, he must also contend that the erroneous valuation caused the court to abuse its discretion in the overall division of the community estate." *Wheeling v. Wheeling*, 546 S.W.3d 216, 224 (Tex. App.—El Paso 2017, no pet.).

Here, however, Tran has argued only the first prong—error, but not harm. *Id.* ("These two prongs require first, a showing of error, and second, a showing that the error was harmful."); *see Howe v. Howe*, 551 S.W.3d 236, 249 (Tex. App.—El Paso 2018, no pet.) ("In the unique context of most family law issues, however, an appellant must go one-step further and show that as a result of the challenged factual finding, the trial court's decision on issues of property division, conservatorship, visitation, or child support, was an abuse of discretion.). But Tran cannot just contest the trial court's valuation of the couple's marital assets and debts; she must also show how that valuation error constitutes an abuse of discretion in the trial court's division of the community estate. *Wheeling*, 546 S.W.3d at 224. In other words, Tran's "argument should be that because of the trial court's valuation error, the size of the community pie was underestimated; as a result, the division of the community estate was manifestly unjust and [she] was served too small a slice." *Id.* (citing *Tate*, 55 S.W.3d at 6). Instead, Tran argues the value of assets and liabilities are not clear

enough for the trial court to determine that awarding Hoang both vehicles (including "a Lexus, which was fully paid, and the Honda, recently purchased") amounted to a "just and fair division." Even assuming the trial court erred in its valuation of assets and liabilities, Tran still has the burden to show the error caused the court to abuse its discretion in the overall division of the community estate—in other words, to show harm in terms of asset division based on the "full pie." *See Id.* at 227. Because she has not met that burden, we must affirm the trial court's order dividing the community estate.

## CONCLUSION

Having overruled both of Tran's issues, we affirm.

YVONNE T. RODRIGUEZ, Chief Justice

July 10, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.
Palafox, J., dissenting